## MITCHELL v. THORNTON

[94 N.C. App. 313 (1989)]

---

GWENDOLYN MITCHELL, PLAINTIFF v. GERALD THORNTON, DIRECTOR FORSYTH COUNTY DEPARTMENT OF SOCIAL SERVICES, DEFENDANT

No. 8821SC977

(Filed 20 June 1989)

1. **State § 12— Department of Social Services employee—advisory opinion of State Personnel Commission—claim in superior court—subject matter jurisdiction**

 The superior court had subject matter jurisdiction to hear a claim filed pursuant to N.C.G.S. § 126-37 by a county Department of Social Services employee who was dissatisfied with action taken by the county Department of Social Services director following an advisory decision by the State Personnel Commission.

2. **State § 12— order of reinstatement of Department of Social Services employee—notice of recourse for dismissal and appeal rights**

 The record supported the trial court's judgment ordering plaintiff's reinstatement as a county Department of Social Services employee with back pay and restored benefits because plaintiff had not been given a written statement of the specific reason for her dismissal and a written statement informing her of her appeal rights.

APPEAL by defendant from *Seay, Judge*. Judgment entered 20 May 1988 in Superior Court, FORSYTH County. Heard in the Court of Appeals 8 May 1989.

MITCHELL v. THORNTON

[94 N.C. App. 313 (1989)]

This is a proceeding pursuant to G.S. Chapter 126, State Personnel System, wherein plaintiff, a local employee, seeks reinstatement to her former position with the Forsyth County Department of Social Services, compensation for back pay and full benefits, and attorney's fees. The State Personnel Commission [hereinafter the Commission] adopted "the findings of fact and conclusions of the Hearing Officer as its own." The Commission's findings, except where quoted, are summarized as follows:

After more than nine years of employment with defendant, plaintiff was dismissed on 15 December 1982. On 28 December 1982, plaintiff filed an appeal with the Commission alleging that she had been dismissed without just cause. On 21 February 1983, plaintiff filed an additional letter with the Commission alleging that she had been dismissed without procedural just cause because she was not furnished with a written statement by defendant setting forth the specific reasons for her dismissal and informing her of "her appeal rights as required by the State Personnel Act." Plaintiff "was, apparently, dismissed for inadequate performance of duties although she was never furnished with a written statement setting forth specific acts or omissions that were the reasons for her dismissal and had never been formally warned about inadequate performance of duties." Plaintiff's appeal was placed on the Commission's "inactive status" while she pursued her action in superior court, but her appeal was never dismissed by the Commission. On 23 December 1985, defendant's motion to dismiss plaintiff's appeal for failure to timely file her appeal was denied by the Commission's Hearing Officer, and a hearing on plaintiff's appeal was scheduled for 14 August 1986. At the hearing, defendant moved to dismiss plaintiff's appeal for lack of jurisdiction, contending plaintiff had not exhausted her remedies under Forsyth County's Grievance Procedure. This motion was denied. The Commission entered a recommendation, pursuant to G.S. 126-37, that:

1. Petitioner be reinstated to Respondent's employment in a position of standing equal to the position she held when she was dismissed from Respondent's employment on December 15, 1982.

2. Petitioner be awarded back pay and full benefits up to the time of her reinstatement less any pay received from other employment during that time period.

3. Petitioner be awarded reasonable attorney's fees.

MITCHELL v. THORNTON

[94 N.C. App. 313 (1989)]

After the decision of the Commission was made, defendant did not implement any of the advisory recommendations. Subsequently, plaintiff, pursuant to G.S. 126-37, filed this proceeding in superior court, stating in her complaint that she "is dissatisfied with the action taken by defendants pursuant to the decision of the Commission and because of that dissatisfaction brings this action."

On 20 May 1988, Superior Court Judge Seay made findings of fact and conclusions of law and entered a judgment ordering plaintiff to be reinstated to her position, awarding plaintiff back pay and attorney's fees, and restoring plaintiff's benefits as though she had continued in defendant's employment. Defendant appealed.

*Gary D. Henderson and Robert E. Winfrey for plaintiff, appellee.*

*Bruce E. Colvin for defendant, appellant.*

HEDRICK, Chief Judge.

G.S. 126-37 in pertinent part provides:

(a) . . . The decisions of the State Personnel Commission shall be binding in appeals of local employees subject to this Chapter if the Commission finds that the employee has been subjected to discrimination prohibited by Article 6 of this Chapter or in any case where a binding decision is required by applicable federal standards. *However, in all other local employee appeals, the decisions of the State Personnel Commission shall be advisory to the local appointing authority.* (Emphasis added).

(b) An action brought in superior court by an employee who is dissatisfied with an advisory decision of the State Personnel Commission or with the action taken by the local appointing authority pursuant to the decision shall be heard upon the record and not as a trial de novo. In such an action brought by a local employee under this section, the defendant shall be the local appointing authority. If [the] superior court affirms the decision of the Commission, the decision of [the] superior court shall be binding on the local appointing authority.

This statute creates a cause of action, a claim for relief, for certain employees of local governmental agencies. This statute does not provide a means by which an employee can obtain appellate

review of the decision of the Commission. Rather this statute creates an action which is tried in the superior court on the record developed in the proceedings before the Commission. The judge of the superior court must make findings of fact, draw conclusions of law therefrom and enter the judgment as provided in G.S. 1A-1, Rule 52. Since the action in superior court is heard "upon the record," it is critical to all parties that the record made by the Commission be as complete as possible. Our review is the same as in an appeal from any civil action tried in the superior or district courts.

By Assignments of Error Nos. 6 and 7, based on numerous exceptions noted in the findings and conclusions made by Judge Seay, defendant contends the trial court erred "in its findings and conclusions that it had jurisdiction to hear the Plaintiff-Appellee's purported appeal" and in denying defendant's "motions to dismiss and for summary judgment."

G.S. 126-5(a) provides:

The provisions of this Chapter shall apply to:

(1) All State employees not herein exempt, and

(2) To all employees of area mental health, mental retardation, substance abuse authorities, and to employees of local social services departments, public health departments, and local emergency management agencies that receive federal grant-in-aid funds; and the provision of this Chapter may apply to such other county employees as the several boards of county commissioners may from time to time determine.

It is apparent from the findings and conclusions and the judgment entered in the superior court that plaintiff and defendant were both subject to the State Personnel Act as employees of the Department of Social Services for Forsyth County.

From the record, Judge Seay made the following critical findings:

1. That the parties are properly before the Court and the Court has jurisdiction of the person and subject matter.

2. On December 28, 1982, Plaintiff Mitchell filed an appeal with the State Personnel Commission alleging, in essence, that she had been dismissed from defendant's employment, effective December 15, 1982, without just cause.

3. Plaintiff Mitchell had been issued a letter dated December 6, 1982, from Katherine E. Anderson, Defendant's Program Supervisor for Intake Income Maintenance, in which Mrs. Anderson concurred with an earlier recommendation from Barbara Fulp, Plaintiff's immmediate [sic] supervisor at the time, to dismiss Plaintiff from Defendant's employment, effective December 15, 1982.

4. Plaintiff sought to continue her employment with Defendant and reported for work on December 16, 1982, but was not allowed to continue in employment. Plaintiff's last actual day of work for Defendant was December 15, 1982. Plaintiff, was in fact, dismissed from Defendant's employment on December 15, 1982.

5. Prior to that time Plaintiff had been continuously employed by the Defendant for over nine years during which she had never been formally disciplined pursuant to the State Personnel Act or the *Local Government Personnel Manual.*

6. Plaintiff was never furnished with a written statement setting forth specific acts or omissions that were the reasons for her dismissal and had never been formally warned about inadequate performance of duties. Defendant also failed to furnish Plaintiff with a written statement informing her of her appeal rights.

7. Plaintiff's appeal was placed on the State Personnel Commission's inactive status for a period of time which Plaintiff pursued her action in Superior Court of Forsyth County, but the State Personnel Commission appeal has never been dismissed. The appeal was subsequently reactivated.

8. On December 25, 1985, Defendant moved to dismiss Plaintiff's appeal for failure to file her appeal in a timely manner. The motion was denied by Mr. Joseph Totten, then Hearing Officer for the State Personnel Commission, and the matter was scheduled for hearing about eight months later.

9. On the day of the hearing Defendant renewed its motion to dismiss Plaintiff's appeal for lack of jurisdiction, specifically contending that Plaintiff Mitchell had not shown that she had actually been dismissed from employment and that she had not exhausted her remedies as far as the County's Grievance Procedure was concerned.

10. Defendant elected not to present a case at the hearing; therefore, no evidence has been introduced on behalf of the Defendant.

[1]   It is noted that defendant excepted to seven of the ten findings of fact listed above. G.S. 126-37(b) clearly gives the superior court jurisdiction to hear "[a]n action" filed in the superior court by a local employee who is "dissatisfied . . . with the action taken by the local appointing authority." The record discloses that plaintiff filed her appeal with the Commission by letter on 28 December 1982. After a careful review of the testimony and the evidence in the record, it is clear the record supports each of the findings of fact of the superior court excepted to by defendant. We note that counsel for defendant, Mr. Bruce Colvin of the Office of Forsyth County Attorney, was present at the hearing before Hearing Officer William Guy when plaintiff testified, but neither offered evidence nor cross-examined plaintiff. We hold, therefore, the superior court did have subject matter jurisdiction to hear plaintiff's claim filed pursuant to G.S. 126-37, and the trial court properly denied defendant's motion to dismiss and motion for summary judgment.

[2]   By Assignment of Error No. 8, purportedly based on the same exceptions as Assignments of Error Nos. 6 and 7, defendant engages in a frivolous argument that plaintiff "did not rebut any of the many non-discriminatory reasons given by [defendant] for not implementing the advisory recommendations directed to the Department of Social Service [sic] by the State Personnel Commission." The record before us demonstrates defendant's defiant attitude with respect to plaintiff's claim as a permanent employee of the Forsyth County Department of Social Services. We hold the critical findings and conclusions made by Judge Seay are supported by the record, and the judgment appealed from will be affirmed.

Affirmed.

Judges ARNOLD and WELLS concur.