NORTH CAROLINA DEPARTMENT OF CORRECTION, PETITIONER v. GLENN E. MYERS, RESPONDENT

No. COA95-135

(Filed 17 October 1995)

1. **Public Officers and Employees § 67 (NCI4th)— demotion of correctional officer—standard of review—absence of just cause**

The trial court properly applied the whole record test and properly concluded that there was no just cause for the demotion of respondent correctional supervisor where the court found and the record indicated that there was insufficient evidence to show

N.C. DEPT. OF CORRECTION v. MYERS

[120 N.C. App. 437 (1995)]

that respondent "breached confidentiality" or that he "failed to provide complete responses to questions" causing the "omission of important facts" at a probation officer's disciplinary hearing where none of respondent's comments revealed anything of a confidential nature about the probation officer herself but instead amounted to criticism of the manner and method of conducting pre-disciplinary hearings.

**Am Jur 2d, Civil Service § 63.**

**Libel and slander: Public officer's privilege as to statements made in connection with hiring and discharge. 26 ALR3d 492.**

2. **Costs § 37 (NCI4th)— award of attorney fee—no basis for hourly amount**

The trial court erred in ordering the Department of Correction to pay attorney's fees to respondent's attorney at the "judicially recognized lodestar fee" of $160.00 per hour, where the court made no findings of fact as to the time and labor expended, the skill required, the customary fee for like work, or the experience or ability of the attorney. N.C.G.S. § 6-19.1.

**Am Jur 2d, Costs §§ 79-86.**

3. **Public Officers and Employees § 66 (NCI4th)— correctional officer—improper demotion—reinstatement—same pay but different location**

A correctional officer who was demoted without just cause was properly reinstated where he was returned to the same pay grade and step as before his demotion even though he now works in a different position and location.

**Am Jur 2d, Civil Service §§ 52 et seq.**

**What constitutes unfair labor practice under state public employee relations acts. 9 ALR4th 20.**

Judge GREENE concurring.

Appeal by the North Carolina Department of Correction from judgment entered 25 October 1994 by Judge George R. Greene in Wake County Superior Court. Heard in the Court of Appeals 24 August 1995.

*Michael F. Easley, Attorney General, by Paula D. Oguah, Assistant Attorney General, for the petitioner-appellant/ appellee.*

*Marvin Schiller, for respondent-appellee/appellant.*

WYNN, Judge.

We note initially that our inquiry is limited to the evidence available through the record on appeal as settled by the trial court. *See, Waste Management of Carolinas, Inc. v. Peerless Ins. Co.*, 315 N.C. 688, 690, 340 S.E.2d 374, 377, *reh'g denied*, 316 N.C. 386, 346 S.E.2d 134 (1986).

Our examination of the record indicates that respondent, Glenn E. Myers, worked as a unit supervisor for the North Carolina Department of Correction (hereinafter DOC) in Davidson County. His duties included supervising five probation officers. On or about 11 June 1991, one of the probation officers, Ms. Maxine Nicholson, had been disciplined for personal misconduct. Mr. Myers was present at Ms. Nicholson's pre-disciplinary conference. Subsequently, Ms. Nicholson was disciplined and later appealed her disciplinary action to the Employee Relations Committee. After a hearing before the Committee, Ms. Nicholson's attorney wrote to the North Carolina Attorney General's Office complaining about statements allegedly made by Mr. Myers which indicated that Ms. Nicholson's disciplinary hearing was not impartial. DOC investigated this matter, and as a result, Mr. Myers received a letter of demotion dated 16 January 1992.

The letter, in relevant part, alleged that Mr. Myers' demotion and transfer were based upon the following:

(1) breach of confidentiality by discussing private personnel matters;

(2) failure to provide complete responses to questions before the Employee Relations Committee which resulted in the omission of important facts and circumstances germane to the disciplinary action taken against Officer Maxine Nicholson.

Based upon these reasons, Mr. Myers was demoted by DOC from Unit Supervisor to Adult Probation/Parole Officer, effective 16 January 1992. On 28 February 1992, Mr. Myers filed a petition for a contested case hearing in the Office of Administrative Hearings alleging he was demoted and transferred without just cause and that the demotion letter lacked the specificity required by law. The

Administrative Law Judge (hereinafter ALJ) filed a recommended decision on 14 September 1992, and concluded that DOC did not have just cause to demote and transfer Mr. Myers. On or about 1 November 1992, Mr. Myers was reinstated to Supervisor III in Davie County with back pay.

On 23 February 1993, the State Personnel Commission issued a final decision and order which rejected the ALJ's decision and held that DOC had just cause to dismiss Mr. Myers. Mr. Myers appealed to the Superior Court on 25 March 1993. On 25 October 1994, the trial court reversed the Commission's order, except that Mr. Myers was denied a re-transfer to his former position and location. The trial court further ordered that DOC pay attorney's fees to Mr. Myers' attorney at his "judicially recognized lodestar rate of $160.00 per hour." DOC gave notice of appeal on 9 November 1994. Mr. Myers also appeals from the portion of the judgment denying a re-transfer to his former position. We affirm in part and reverse in part.

I.

[1] Our review of the case *sub judice* is limited to two issues: (1) whether the trial court applied the appropriate scope of review and, (2) if so, whether the court did so properly. *Amanini v. N.C. Dept. of Human Resources,* 114 N.C. App. 668, 675, 443 S.E.2d 114, 118-19 (1994).

N.C. Gen. Stat. § 150B-51(b) (1991) governs both trial and appellate court review of administrative agency decisions. The trial court reviewing a final decision may affirm the agency's decision or remand the case for further proceedings. *Id.* Additionally, the court may reverse or modify the agency's decision if the substantial rights of the petitioners may have been prejudiced by the agency's findings or conclusions. *Id.*

In any case, the proper manner of review depends upon the particular issues presented on appeal. *Amanini v. N.C. Dept. of Human Resources,* 114 N.C. App. at 674, 443 S.E.2d at 118. If petitioner argues that the agency's decision was based on an error of law, then *de novo* review is required. *Id. De novo* review requires a court to consider a question anew, or as if it had not been considered or decided by the agency. *Id.* If, on the other hand, petitioner questions "(1) whether the agency's decision was supported by the evidence or (2) whether the decision was arbitrary or capricious, then the reviewing court must apply the 'whole record' test." *In re Appeal by McCrary,* 112 N.C. App. 161, 165, 435 S.E.2d 359, 363 (1993). The "whole record" test

requires the reviewing court to examine all competent evidence to determine whether the agency decision is supported by substantial evidence. *Id.*

In the subject case, DOC contends that the trial court did not properly apply the scope of review under N.C. Gen. Stat. § 150B-51 and erred when it found that the ALJ's legal conclusions, rather than the Commission's conclusions, were supported by the evidence, the factual findings, and the whole record. Inasmuch as the record on appeal indicates that the trial court applied the appropriate scope of review—the "whole record" test—our only remaining question is whether the court did so properly.

DOC contends that the trial court did not properly apply the "whole record" test because all the evidence in the record, including testimony and exhibits, shows that there was a rational basis for the Commission's order finding that there was just cause for Mr. Myers' demotion. Although the "whole record" test gives a reviewing court the capability to determine whether an administrative decision has a rational basis in the evidence, *In re Rogers*, 297 N.C. 48, 65, 253 S.E.2d 912, 922 (1979), the test also requires the reviewing court to examine all competent evidence to determine whether the agency decision is supported by *substantial evidence*. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Henderson v. N.C. Dept. of Human Resources*, 91 N.C. App. 527, 530, 372 S.E.2d 887, 889-90 (1988). Moreover, the reviewing court must take into account both the evidence which supports the agency's decision and any contradictory evidence which would support a different result. *Lackey v. N.C. Dept. of Human Resources*, 306 N.C. 231, 238, 293 S.E.2d 171, 176 (1982).

In the case at hand, the trial court found and the record indicates there was insufficient evidence to show that Mr. Myers "breached confidentiality" or that he "failed to provide complete responses to questions" causing the "omission of important facts" at Officer Nicholson's disciplinary hearing. DOC argues that Mr. Myers' comments were made in violation of N.C. Gen. Stat. § 126-22 (1993) which prohibits a state employee from making confidential personnel data open to inspection and examination. However, none of Mr. Myers' comments revealed anything of a confidential nature about Officer Nicholson herself. The record shows that his comments were directed towards the handling of Ms. Nicholson's pre-disciplinary conference for not being conducted behind closed doors and for

being conducted rudely and loudly. These comments are not breaches of confidentiality, but rather criticisms of the manner and method of conducting pre-disciplinary hearings.

In addition, the trial court found and the record indicates that there was insufficient evidence to support the conclusion that Mr. Myers failed to provide complete responses to questions and that he omitted important facts. No evidence was presented regarding any specific question asked of Mr. Myers during Ms. Nicholson's disciplinary hearing, what Mr. Myers' answers were or which answers of Mr. Myers purportedly caused "omissions of important facts," or what "important facts" were "omitted." Based on this evidence, we find that the trial court did not err in concluding that all of the findings of fact and conclusions of law made by the ALJ, including those adopted by the Commission, were based upon competent evidence contained in the whole record.

Because we agree that the trial court did not err in concluding that Mr. Myers was demoted and reduced in pay and grade without just cause in contravention of N.C. Gen. Stat. § 126-35 (1993), we do not address petitioner's arguments that the demotion letter met the specificity requirement of N.C.G.S. § 126-35, and that the ALJ's decision was based on an incomplete record.

## II.

[2] DOC next contends that the trial court erred when it ordered it to pay attorney's fees to Mr. Myers' attorney at the "judicially recognized lodestar fee" of $160.00 per hour. We agree.

Although the award of attorney's fees is within the discretion of the trial judge under N.C. Gen. Stat. § 6-19.1 (1986), the trial court must make findings of fact " 'as to the time and labor expended, the skill required, the customary fee for like work, and the experience or ability of the attorney.' " *United Laboratories v. Kuykendall*, 335 N.C. 183, 195, 437 S.E.2d 374, 381 (1993). We note parenthetically that while our record does not indicate that the trial court made findings to establish the basis for attorney fees under N.C.G.S. § 6-19.1, DOC does not challenge this lack of findings on appeal to this court. Rather, DOC argues only that the trial court did not make any of the findings necessary to arrive at the hourly attorney fee. We agree.

We therefore reverse the trial court's award of attorney fees at the hourly rate of $160.00 and remand for findings on the proper hourly rate that should be allowed in this case. We note that our decision to

N.C. DEPT. OF CORRECTION v. MYERS

[120 N.C. App. 437 (1995)]

remand to the trial court for a determination of the hourly rate for attorney's fees earned on judicial review under N.C.G.S. § 6-19.1 is made without prejudice to the plaintiff to seek complementary attorney's fees from the Commission under its discretionary authority under N.C. Gen. Stat. § 126.4 (11) (1993). *See, N.C. Dept. of Correction v. Harding,* 120 N.C. App. 451, 462 S.E.2d 671 (1995).

### III.

[3] Respondent Myers also appeals and contends that the trial court erred by not ordering DOC to re-transfer him to his former position and location. We disagree.

Although N.C. Gen. Stat. § 126-37 (1993) authorizes the Commission to reinstate an employee to the position from which he is removed and to order the transfer of an employee to whom it has been wrongfully denied, that authority is discretionary. The trial court is not compelled to order Mr. Myers' reinstatement to his former position and location.

Furthermore, reinstatement as used in the North Carolina Administrative Code denotes the following:

Reinstatement means the return to employment of a dismissed employee, in the same or similar position, at the same pay grade and step which the employee enjoyed prior to dismissal. Reinstatement may also refer to the promotion of a demoted employee to the same pay grade and step as the employee was demoted from.

25 N.C.A.C. 1B.0428.

Mr. Myers was returned to the same pay grade and step as before his demotion even though he works at a different location. Accordingly, he was properly reinstated and the trial court's decision must be affirmed.

For the foregoing reasons, we affirm the trial court's decision in part, and reverse and remand on the issue of attorney's fees.

Judge GREENE concurs with a separate opinion.

Judge MARTIN, JOHN C. concurs.

**N.C. DEPT. OF CORRECTION v. MYERS**

[120 N.C. App. 437 (1995)]

Judge GREENE concurring.

I fully concur with Part II of the majority opinion. With regard to Parts I and III, I disagree with the analysis but concur with the result.

## Demotion

The Department of Correction (DOC) argues that the findings entered by the State Personnel Commission (Commission) support its conclusions with regard to the demotion and therefore the trial court erred in reversing this portion of the Order of the Commission. This raises the issue of whether the Commission's Order is affected by an error of law, and this Court is required to review the Order of the Commission *de novo*. *See Brooks v. Ansco & Assocs.*, 114 N.C. App. 711, 716-17, 443 S.E.2d 89, 92 (1994) ("error of law . . . exists if a conclusion of law . . . is not supported by the findings of fact"). Thus, the question is whether the findings entered by the Commission support its conclusion that there existed "just cause for Petitioner's demotion." I agree with the majority that the findings do not support this conclusion.

## Transfer

Glenn E. Myers (Myers) argues that if the order of demotion is rescinded then it follows that the order of transfer must be rescinded and the trial court erred in not doing so. I disagree. The transfer of Myers is not a matter within the subject matter jurisdiction of the Commission or the trial court. N.C.G.S. § 126-35(a) (1993) (providing for appeal to Commission by State employee "discharged, suspended, or demoted"); *cf.* N.C.G.S. § 126-36 (1993) (State employee entitled to appeal to Commission where request for transfer denied because of discrimination). Therefore, the transfer directed by the DOC remains in full force and effect and language in the judgment of the trial court relating to the transfer is mere surplusage.