NORTH CAROLINA DEPARTMENT OF CORRECTION Defendant/Appellant v.
JANICE HARDING, Plaintiff/Appellee

No. COA95-125

(Filed 17 October 1995)

1. **Administrative Law & Procedure § 69 (NCI4th)— award of back pay—insufficiency of record—no authority of Personnel Commission to find facts**

   The Personnel Commission, upon remand by the Supreme Court, was without authority to find facts on the issue of an employee's back pay, since the basis upon which it did so, an internal memo, was not a part of the official record, and the superior court erred in failing to remand the case to the OAH to take evidence and make findings of fact.

   **Am Jur 2d, Administrative Law §§ 304, 379.**

2. **Costs § 37 (NCI4th)— attorney fees—insufficient findings**

   The trial court erred in failing to make any of the findings necessary to arrive at an hourly attorney fee, and the case is remanded to the trial court for a determination of how many attorney hours were spent in the first judicial review of the case and the appropriate hourly rate for plaintiff's attorney. N.C.G.S. § 6-19.1.

   **Am Jur 2d, Costs §§ 57 et seq.**

Appeal by defendant-appellant from judgment entered 25 October 1994 by Judge George R. Greene in Wake County Superior Court. Heard in the Court of Appeals 24 August 1995.

*Marvin Schiller for plaintiff-appellee.*

*Michael F. Easley, Attorney General, by Valerie L. Bateman and Paula D. Oguah, Assistant Attorneys General, for defendant-appellant.*

WYNN, Judge.

This is the third appeal to the appellate division involving this case. In *Harding I*, this Court affirmed the review of the Superior Court which had rejected the State Personnel Commission's review and upheld the Administrative Law Judge's (ALJ) recommendation

that Janice Harding be reinstated to her position with the North Carolina Department of Correction (DOC) with back pay. No amount of back pay was specified at that time. *Harding v. N.C. Dep't. of Correction*, 106 N.C. App. 350, 416 S.E.2d 587, *disc. rev. denied*, 332 N.C. 147, 419 S.E.2d 567 (1992).

Afterwards the parties were unable to agree on the amount of back pay and as a result, Ms. Harding filed a motion in superior court seeking enforcement of the *Harding I* judgment. The superior court, in an order signed 16 October 1992, directed DOC to pay Ms. Harding $86,806.01 in back pay and her attorney's fees.

*Harding II* followed when our Supreme Court allowed DOC to by-pass this Court, granted DOC's petition for discretionary review, and vacated the order of the trial court. *Harding v. N.C. Dep't. of Correction*, 334 N.C. 414, 432 S.E.2d 298 (1993). *Harding II* held that the trial court lacked authority to enter findings of fact regarding the amount of back pay owed to Ms. Harding. The Court stated:

> The record before this Court does not include any back pay findings by the Commission. Given the authority of the Commission over back pay, the absence of record findings, and the superior court's lack of fact-finding authority in appeals from employee grievances, the superior court in the instant case could not enter an order awarding back pay in a specific amount . . . . In light of the Commission's authority over back pay, that tribunal is the proper forum for resolution of the issues raised by petitioner's motion.

*Id.* at 420, 432 S.E.2d at 302. The Supreme Court then remanded to the *Commission* to enter findings of fact regarding the amount owed to Ms. Harding.

On remand, DOC argued before the Commission that it should remand the case to the Office of Administrative Hearings (OAH) for development of a record including evidence on whether Ms. Harding attempted to mitigate her damages by making an effort to find other employment, and evidence regarding the amount of back pay owed to Ms. Harding. The Commission declined to remand to the OAH stating that it was:

> . . . sympathetic to the [DOC's] position that they [sic] have not had the opportunity to litigate the issues regarding [Ms. Harding's] duty to mitigate and her ability or inability to work. However, based on the [Supreme] Court's mandate [in *Harding*

*III*], this Commission is bound to determine the amount of back pay. This Commission further determines that it would be contrary to the [Supreme] Court's mandate to attempt to remand this matter to the [OAH].

The Commission then found for Ms. Harding, ordering DOC to pay back pay in the amount of $86,806.01, the amount taken from a DOC internal memo regarding the amount of back pay owed Ms. Harding. The memo was not in the official record before the Commission and the amount was not stipulated to by DOC. On review by the Superior Court, the Commission's award was affirmed and the Court awarded Ms. Harding's attorney fees "at his judicially recognized 'lodestar' fee of $160.00 per hour." *Harding III* is DOC's present appeal from this judgment.

---

On appeal, DOC contends I) that the Commission lacked the statutory authority to find facts on remand in the manner in which it did, and that the superior court erred in failing to remand the case to the OAH to take evidence and make findings of fact, and II) that the award of attorney's fees by the superior court was improper. We agree on both issues and therefore, reverse and remand.

I.

[1] DOC first complains that the Commission was without authority to find facts on the issue of back pay since the basis upon which it did so, the internal memo, was not a part of the official record. An agency's, in this case the Commission's, reviewing authority is statutorily set forth in N.C.G.S. § 150B-36(b).

> A final decision or order in a contested case shall be made by the agency in writing after review of the official record as defined in G.S. 150B-37 (a) and shall include findings of fact and conclusions of law. If the agency does not adopt the administrative law judge's recommended decision as its final decision, the agency shall state in its decision or order the specific reasons why it did not adopt the administrative law judge's recommended decision. *The agency may consider only the official record prepared pursuant to G.S. 150B-37 in making a final decision or order,* and the final decision or order shall be supported by substantial evidence . . . .

(emphasis supplied). N.C. Gen. Stat. § 150B-37(a) states that the OAH "shall prepare an official record of the case that includes . . . [e]vidence presented . . . ."

These sections establish that the Commission may only render a final decision or order in a contested case after review of the official record as defined in N.C.G.S. § 150B-37(a); and further, that the official record on which an agency may base its decision must be prepared by OAH.

In the case *sub judice*, the Commission stated that "the only information available to the Commission regarding any calculation of back pay based upon [Ms. Harding's] salary is [DOC's] memorandum of 14 August, 1992." This memo regarding the amount of back pay owed to Ms. Harding did not exist at the first hearing and was not a part of the first official record. Because the Commission did not remand to OAH, a second official record was not prepared. Therefore, the memo was not in the official record before the Commission following the *Harding II* remand.

Our Supreme Court's remand to the Commission did not empower it to exceed its statutory authority by taking new evidence. Rather, it is implicit in the Supreme Court's remand that if the official record did not contain sufficient evidence to make proper findings on the issue of back pay, the Commission should remand to OAH for further development of the record. Thus, the trial court erred when it failed to reverse the Commission's decision and direct a remand of the matter to the OAH in order to obtain the necessary evidence to complete the official record for the Commission's review. N.C. Gen. Stat. § 150B-51(a) (If the agency hears new evidence after receiving the ALJ's recommended decision, the Court is to reverse the decision, or remand to the agency to enter a decision in accord with the official record). We, therefore, reverse the order of the trial court and remand to the Commission with instructions to remand to the OAH for a full hearing on all evidentiary matters regarding the amount of back pay accruing after 28 December 1988 that should be awarded to Ms. Harding.

## II.

[2] DOC next contends that the trial court erred when it ordered it to pay attorney's fees to Ms. Harding's attorney at the "judicially recognized 'lodestar' fee" of $160.00 per hour. We agree.

The award of attorney fees in back pay matters involving the State Personnel Commission is covered by two complementary statutory sections. N.C. Gen. Stat. § 126-4(11) allows the *Commission* to

award attorney fees for services rendered up to the Commission's final decision. That section states the following:

> [The Commission shall establish policies and rules] [i]n cases where the Commission finds discrimination or orders reinstatement or back pay whether (i) heard by the Commission or (ii) appealed for limited review after settlement or (iii) resolved at the agency level, the assessment of reasonable attorneys' fees and witnesses' fees against the State agency involved.

For attorney services rendered on judicial review of the Commission's decision, the threshold requirements for awarding attorney's fees are higher. N.C. Gen. Stat. § 6-19.1 grants a *trial court* discretionary authority to award attorney fees to a prevailing party, in a Section 150B-43 appeal, if:

> (1) The court finds that the agency acted without substantial justification in pressing its claim against the party; and (2) The court finds that there are no special circumstances that would make the award of attorney's fees unjust.

N.C.G.S. § 6-19.1 (1986); *See S.E.T.A. v. Huffines,* 107 N.C. App. 440, 443, 420 S.E.2d 674, 676 (1992).

Since the Commission in this case had not entered an award of attorney's fees pursuant to its discretionary powers under N.C.G.S. § 126-4(11), it follows that the trial court in setting the hourly rate was not reviewing an award of the Commission. Rather, it acted under authority granted to it under N.C.G.S. § 6-19.1.

We note that while our record does not indicate that the trial court made findings to establish the basis for attorney fees under N.C.G.S. § 6-19.1, DOC does not challenge this lack of findings on appeal to this court. Rather, DOC argues only that the trial court did not make any of the findings necessary to arrive at the hourly attorney fee. We agree. Although the award of attorney's fees is within the discretion of the trial judge under N.C.G.S. § 6-19.1, the trial court must make findings of fact "as to the time and labor expended, the skill required, the customary fee for like work, and the experience or ability of the attorney." *United Laboratories v. Kuykendall,* 335 N.C. 183, 195, 437 S.E.2d 374, 381 (1993). This record reflects no such findings.

We therefore reverse the trial court's award of attorney fees at the hourly rate of $160.00; however, we do not remand to the trial court

for a redetermination of the hourly rate because the plaintiff is no longer a N.C.G.S. § 6-19.1 prevailing party on the matter that gave rise to this appeal.

However, in *Harding I*, this Court affirmed the trial court's award of attorney's fees to Ms. Harding. As in the instant appeal, that award was made pursuant to N.C.G.S. § 6-19.1. The decision of this Court in *Harding I* is final. Accordingly, we remand to the trial court for a determination of: 1) how many hours were spent in the judicial review portion of *Harding I* through 8 July 1992, when the Supreme Court denied the DOC's petition for discretionary review, and 2) the appropriate hourly rate for Ms. Harding's attorney.

Finally, since plaintiff did not prevail on judicial review in either *Harding II or III*, she is not entitled to N.C.G.S. § 6-19.1 attorney's fees for services rendered on judicial review after the denial of discretionary review by the Supreme Court on 8 July 1992.

Our decision today is made without prejudice to the plaintiff to seek complementary attorney's fees under N.C.G.S. § 126-4(11) for services rendered before the Commission throughout this entire proceeding. The award of such fees, if any, would be within the discretion of the Commission.

Vacated and remanded with instructions.

Judges GREENE and MARTIN, JOHN C. concur.