# COURT OF APPEALS

### OF

## NORTH CAROLINA

### AT

## RALEIGH

RICHARD E. WALKER, ET AL, AND ORIENTAL YACHT CLUB, JOSEPH H. COX, ET AL, PETITIONERS v. NORTH CAROLINA COASTAL RESOURCES COMMISSION, RESPONDENT-APPELLANT, AND ORIENTAL HARBOR DEVELOPMENT COMPANY, INC., INTERVENOR-RESPONDENT

No. COA95-1037

(Filed 1 October 1996)

**1. Costs § 37 (NCI4th)— contested issuance of CAMA permit for marina—counsel fees—agency position not substantially justified**

The trial court did not err in an action in which counsel fees were awarded under N.C.G.S. § 6-19.1 by concluding that the position of the Coastal Resources Commission (CRC) in issuing a development permit without an easement for use of public trust waters and submerged lands was not substantially justified. The fact that the superior court upheld the Commission does not show that CRC's decision was reasonable; the law clearly indicates that a project of this magnitude requires a Department of Administration easement; although the exclusive power to grant easements is that of DOA, the ultimate responsibility for compliance with the law in issuance of a development permit rested with CRC; the record supports the trial court's findings indicating that the position advanced by CRC was contrary to CRC, Department of Environment, Health and Natural Resources and DOA internal study findings and internal policies; a later amendment requiring that an applicant for an easement first obtain the CAMA permit is not a basis for substantial justification because

1

the focus is on the law known or reasonably believed at the time the claim was pressed and, in view of the clarity of the applicable law and regulations, CRC cannot be said to have reasonably believed otherwise, the later amendment notwithstanding; and *Rusher v. Tomlinson*, 119 N.C. App. 458, cited by CRC for the proposition that an easement is not prerequisite to issuance of a CAMA permit, involved a determination that that project fell within the exception to the general rules requiring easements.

**Am Jur 2d, Administrative Law §§ 411, 413; Costs § 63.**

**What constitutes substantial justification of government's position so as to prohibit awards of attorneys' fees against government under Equal Access to Justice Act (28 USCS § 2412(d)(1)(A)). 69 ALR Fed. 130.**

2. **Costs § 37 (NCI4th)— contested issuance of CAMA permit for marina—counsel fees—no special circumstances making award unjust**

The trial court did not err in an action in which attorney fees were awarded under N.C.G.S. § 6-19.1 arising from the granting of a development permit by the Coastal Resources Commission (CRC) without an easement from the Department of Administration for the use of public trust waters by ruling that there were no special circumstances that would make the award of counsel fees unjust. Although CRC contended that it had relied in good faith on DOA's interpretation of DOA's rules that an easement was not necessary, the sole responsibility for granting CAMA permits was that of CRC.

**Am Jur 2d, Administrative Law §§ 411, 413.**

**What constitutes substantial justification of government's position so as to prohibit awards of attorneys' fees against government under Equal Access to Justice Act (28 USCS § 2412(d)(1)(A)). 69 ALR Fed. 130.**

3. **Costs § 37 (NCI4th)— contested issuance of CAMA permit for marina—counsel fees for administrative review—not allowed**

An administrative hearing under N.C.G.S. § 150B-22 *et seq.* is not a civil action and the award for counsel fees and costs applicable to the administrative review portion of a case involving the issuance of a CAMA development permit without an easement for

use of public trust waters was reversed. An action is defined as an ordinary proceeding in a court of justice and an administrative agency is not a part of the general court of justice. Additionally, there has been a consistent clear distinction between allowance of counsel fees under N.C.G.S. § 6-19.1 for fees expended during judicial review of agency rulings and provisions of other statutes for counsel fees accumulated up to an agency's final decision.

**Am Jur 2d, Administrative Law §§ 233, 413.**

Appeal by respondent North Carolina Coastal Resources Commission from order filed 14 June 1995 by Judge Frank R. Brown in Pamlico County Superior Court. Heard in the Court of Appeals 20 May 1996.

*Manning, Fulton & Skinner, P.A., by Howard E. Manning, Sr. and David T. Pryzwansky, for petitioners.*

*Attorney General Michael F. Easley, by Assistant Attorney General, Robin W. Smith, for the State.*

JOHN, Judge.

This case is before us for the second time. *See Walker v. N.C. Dept. of E.H.N.R.*, 111 N.C. App. 851, 433 S.E.2d 767, *disc. rev. denied*, 335 N.C. 243, 439 S.E.2d 164 (1993). Respondent North Carolina Coastal Resources Commission (CRC) contends the trial court erred by awarding counsel fees to petitioners pursuant to N.C.G.S. § 6-19.1 (1986). We agree in part and vacate that portion of the award assigned by the trial court to the " 'administrative review' portion of the case."

Pertinent facts and procedural information are as follows: On 26 September 1989, respondent-intervenor Oriental Harbor Development Company, Inc. (Oriental), applied to respondent CRC for a permit under the former Coastal Area Management Act (CAMA), N.C. G.S. § 113A-100, *et seq.*, to build a commercial marina on Smith Creek in Oriental, North Carolina. Following representation to CRC by the Department of Administration (DOA) that no easement was required for the project, CRC issued a permit to Oriental authorizing construction of a marina encircling 5.9 acres of public trust waters. *Walker*, 111 N.C. App. at 852-53, 433 S.E.2d at 768.

Petitioners consequently commenced this action 9 May 1990 by filing two Petitions for Contested Case Hearings with the Office of

Administrative Hearings pursuant to the former N.C.G.S. § 150B-22 *et. seq. Id.* at 853, 433 S.E.2d at 768. Petitioners objected to the permit on grounds, *inter alia,* that issuance was contrary to existing law and regulations because Oriental had not first obtained an easement from the State to use public trust waters and submerged lands. *Id.*

Following a full evidentiary hearing, Administrative Law Judge Fred G. Morrison agreed with petitioners and recommended the permit be revoked and that no CAMA permit be issued to Oriental. *Id.* However, by order dated 19 April 1991, CRC rejected the recommended decision, finding the permit had been properly authorized. *Id.*

Pursuant to N.C.G.S. § 150B-43 *et. seq.,* petitioners sought judicial review in Pamlico County Superior Court. Following a hearing, the trial court entered a 20 December 1991 order upholding issuance of the permit. From this order petitioners appealed to this Court, which reversed. *Id.* at 853-54, 433 S.E.2d at 768.

Specifically, in *Walker* we stated "[o]ur reading of the statute and the regulations leads us to the conclusion that the proposed development required an easement from the DOA," *id.* at 855, 433 S.E.2d at 769, and thus "CRC erred in issuing [the CAMA permit] allowing construction of the marina without the prior granting of an easement by the [DOA], subject to approval by the Governor and the Council of State." *Id.* at 856, 433 S.E.2d at 770. The matter was remanded for resubmission to DOA and "any other proceedings as become necessary." *Id.* at 856, 433 S.E.2d at 770. CRC's motion for discretionary review to the North Carolina Supreme Court was denied. *Walker v. N.C. Dept. of E.H.N.R.,* 335 N.C. 243, 439 S.E.2d 164 (1993).

Thereafter, on 30 December 1993, petitioners filed in Pamlico Superior Court the instant petition for counsel fees pursuant to G.S. § 6-19.1 [Attorney's fees to parties appealing or defending against agency decision]. The statute provides in relevant part as follows:

> In any civil action . . . brought by the State or brought by a party who is contesting State action pursuant to G.S. 150A-43 [now 150B-43] or any other appropriate provisions of law, unless the prevailing party is the State, the court may, in its discretion, allow the prevailing party to recover reasonable attorney's fees to be taxed as court costs against the appropriate agency if:

> (1) The court finds that the agency acted without substantial justification in pressing its claim against the party; and

(2) The court finds that there are no special circumstances that would make the award of attorney's fees unjust.

G.S. § 6-19.1. By order dated 14 June 1995, the trial court awarded counsel fees to petitioners in the amounts of $10,500.00 and $33,041.50 for the "administrative review" and "judicial review" portions of the case respectively, and expenses of $450.88 and $2,091.70 likewise applicable to the two phases of the proceedings. From this order, CRC appeals.

---

CRC attacks the award of counsel fees on grounds the trial court erred in concluding that: (1) CRC's position was not substantially justified; (2) there were no special circumstances which would make an award of counsel fees unjust; and (3) administrative contested case proceedings qualify as civil actions within the purview of G.S. § 6-19.1. We discuss each contention in turn below.

In the case *sub judice*, CRC, the party against whom counsel fees were sought, had the burden of proving substantial justification for its actions in issuing the permit, *Tay v. Flaherty*, 100 N.C. App. 51, 55, 394 S.E.2d 217, 219 (1990), *and* further of showing the presence of circumstances which would make an award of counsel fees unjust. *Crowell Constructors, Inc. v. State ex rel. Cobey*, 114 N.C. App. 75, 80-81, 440 S.E.2d 848, 851 (1994) (*Crowell I*), *reversed on other grounds*, 342 N.C. 838, 467 S.E.2d 675 (1996) (*Crowell II*). For purposes of our review, "[t]he trial court's findings of fact are binding on appeal if there is evidence to support them, even though evidence might sustain findings to the contrary." *Tay*, 100 N.C. App. at 56, 394 S.E.2d at 220.

I.

[1] Our Supreme Court recently construed the meaning of "substantial justification" under G.S. § 6-19.1 as " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Crowell II*, 342 N.C. at 844, 467 S.E.2d at 679, *citing Pierce v. Underwood*, 487 U.S. 552, 565, 101 L. Ed. 2d 490, 504 (1988). Continuing, the Court explained

[t]his standard should not be so strictly interpreted as to require the agency to demonstrate the infallibility of each suit it initiates. Similarly, this standard should not be so loosely interpreted as to require the agency to demonstrate only that the suit is not frivolous, for "that is assuredly not the standard for Government litigation of which a reasonable person would

approve." [citing Pierce, 487 U.S. at 566, 101 L. Ed. 2d at 505.] Rather, we adopt a middle-ground objective standard to require the agency to demonstrate that its position, at and from the time of its initial action, was rational and legitimate to such degree that a reasonable person *could* find it satisfactory or justifiable in light of the circumstances then known to the agency.

*Id.*

CRC asserts several bases for its contention the trial court erred in determining CRC

acted without substantial justification in granting the permit without the prior grant of an easement from the DOA and subsequently pursuing enforcement of its position through the North Carolina Court of Appeals, contrary to established case law, statutes and regulations providing that an easement is required before a permit may be issued, and contrary to CRC, [DEHNR] and DOA internal study findings and internal policies.

CRC first contends "[t]he fact that the superior court upheld the Commission on every issue on judicial review" shows CRC's "decision to be not only reasonable, but correct." We disagree.

In *Tay*, 100 N.C. App. at 52-53, 394 S.E.2d at 217-18, petitioner sought judicial review of respondent-agency's termination of food stamp benefits. Following the trial court's order affirming respondent's decision, petitioner appealed to this Court, which held the termination wrongful and reversed. The agency later appealed the trial court's subsequent award of counsel fees to petitioner pursuant to G.S. § 6-19.1. This Court held the evidence before the trial court was

sufficient to allow the court to find that respondent lacked substantial justification in pressing its claim throughout this action regardless of respondent's evidence that the superior court judge . . . agreed that respondent rightfully terminated the benefits.

*Id.* at 57, 394 S.E.2d at 220. *See also Pierce*, 487 U.S. at 569, 101 L. Ed. 2d at 507 ("fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified"); *United States v. Paisley*, 957 F.2d 1161, 1166 (4th Cir.), *cert. denied, Crandon v. United States*, —— U.S. ——, 121 L. Ed. 2d 38 (1992) ("[c]ompletely unfounded claims sometimes, for a variety of reasons, survive beyond their just desserts"); and

*Community Heating & Plumbing v. Garrett*, 2 F.3d 1143, 1145-46 (Fed. Cir. 1993) (position of government "is not shown to be substantially justified merely because the government prevailed before a lower tribunal").

CRC next maintains its grant to Oriental of a CAMA permit without an easement was substantially justified because "the proper interpretation and application of [statutes] and rules" outlining the circumstance under which easements are required came within the purview of DOA and "was outside [CRC's] quasi-judicial authority." Therefore, CRC continues, it "had no ability to overrule a decision by the [DOA]," and petitioner should have attacked DOA's decision instead of challenging CRC's issuance of the permit. We remain unpersuaded.

In *Walker*, this court thoroughly discussed the common law, statutes and regulations relevant to the easement issue in the case *sub judice*, and ultimately determined that the law, which excepts only "minor structures" from the easement prerequisite for use of public trust waters and submerged lands, "*clearly* indicate[s] that a project of the magnitude of [Oriental's proposed marina] requires a[] [DOA] easement prior to the issuance of a CAMA and dredge/fill permit." *Walker*, 111 N.C. App. at 854-55, 433 S.E.2d at 769 (emphasis added). It is unnecessary to duplicate herein that discussion highlighting the lack of ambiguity in the applicable law.

Moreover, the ultimate responsibility for compliance with the law in *issuance of a development permit* under CAMA rested with CRC, which in fact issued the instant permit. Thus, although CRC correctly maintains the exclusive power to *grant easements* is that of DOA, *see Walker*, 111 N.C. App. at 854, 433 S.E.2d at 769, petitioners convincingly retort that

> CRC's attempt to 'pass the buck' to DOA makes its actions . . . inexcusable . . . . DOA's failure to grant the easement was one misapprehension of law, but CRC's issuance of the permit compounded DOA's error and [CRC] should be held responsible.

Moreover, CRC's reliance on petitioners' decision to forego a challenge to DOA's decision is untenable. The absence of such action on the part of petitioners is irrelevant to the question of CRC's ultimate responsibility.

Further, we note the record supports the trial court's findings indicating the position advanced by CRC, *i.e.*, that no easement was

mandatory for protection of public trust lands, was "contrary to CRC, Department of Environment, Health and Natural Resources and DOA internal study findings and internal policies." *See Tay*, 100 N.C. App. at 56, 394 S.E.2d at 220 ("trial court's findings of fact are binding on appeal if there is evidence to support them, even though there is evidence which might sustain findings to the contrary"). Indeed, in its current appellate brief, CRC implicitly acknowledges its awareness of the necessity of an easement (CRC "historically has encouraged [DOA] to require easements for marina projects").

We also reject CRC's assertion of substantial justification based upon subsequent amendment of N.C.G.S. § 146-12 by the General Assembly mandating that an applicant for an easement in submerged lands first obtain any necessary CAMA permit. N.C.G.S. § 146-12(f) (effective 1 October 1995). This amendment, contends CRC, reinforces its stance that an easement previously was not obligatory prior to issuance of a permit. This argument is unavailing.

In *Crowell II*, 342 N.C. at 845, 467 S.E.2d at 680, our Supreme Court held without qualification that

> in deciding whether a State agency has pressed a claim against a party 'without substantial justification,' the law and facts known to, or reasonably believed by, the State agency at the time the claim is pressed must be evaluated.

*See also Pierce*, 487 U.S. at 561, 101 L. Ed. 2d at 502 (issue is "not what the law now is, but what the government was substantially justified in believing it to have been"). Accordingly, the focus is upon the law "known or reasonably believed" by CRC to be applicable at the time "the claim [was] pressed," *Crowell II*, 342 N.C. at 845, 467 S.E.2d at 680, and not upon some subsequent change in the procedural order a developer or other applicant must take to obtain necessary easements and permits. In view of the clarity of the applicable law and regulations noted by this Court in *Walker*, 111 N.C. App. at 854, 433 S.E.2d at 768-69, CRC cannot be said to have "reasonably believed" otherwise, later amendment to G.S. § 146-12 notwithstanding.

In addition, we take note that CRC, with the foregoing argument, is in the unenviable position of asserting that the statutory amendment establishes that no easement was required *prior to* issuance of a permit, and attempting to reconcile this contention with its principal argument that it simply relied in the instance at issue upon DOA's determination that *no easement whatsoever* was required.

Finally, *Rusher v. Tomlinson*, 119 N.C. App. 458, 459 S.E.2d 285 (1995) *affirmed*, 343 N.C. 119, 468 S.E.2d 65 (1996), cited by CRC, is inapposite. CRC insists *Rusher* stands for the proposition that grant of an easement is not prerequisite to issuance of a CAMA permit. To the contrary, the question resolved in *Rusher* was the necessity of an easement concerning the specific project involved. *Id.* at 463-64, 459 S.E.2d at 288. Determining the project fell "squarely within the exception [to the general rules requiring easements] set forth in Rule 6B.0605(a)," this Court distinguished *Walker*, 111 N.C. App. 851, 433 S.E.d 767, on the factual basis that the *Walker* project, including "the size of the public trust waters covered," was not covered by any such exception. *Id.* at 464, 459 S.E.2d at 288-89.

We therefore hold CRC failed to carry its burden to

demonstrate that its position, at and from the time of its initial action, was rational and legitimate to such degree that a reasonable person could find it satisfactory or justifiable in light of the circumstances then known to the agency,

*Crowell II*, 342 N.C. at 844, 467 S.E.2d at 679, and that the trial court did not err in concluding that CRC "acted without substantial justification."

II.

[2] CRC next maintains the trial court erred by ruling "there [were] no special circumstances that would make an award of counsel fees unjust." Specifically, CRC contends that

[i]n issuing the subject CAMA permit, [CRC] relied in good faith on [DOA's] interpretation of [DOA's] rules. It would be unjust to award attorney's fees against [CRC] based on this Court's determination that [DOA] has misapplied its rules. This . . . is particularly unfair since . . . [CRC] had no authority to compel [DOA] to change its easement policies.

As with CRC's argument regarding "substantial justification," this contention likewise cannot be sustained.

Again, although CRC may have lacked authority to compel DOA to change an easement decision, the sole responsibility for granting CAMA permits following fulfillment by an applicant of all necessary prerequisites, including obtaining an easement, was that of CRC. Rather than refusing a permit absent Oriental's obtaining a DOA easement, CRC granted same notwithstanding law and regulations which

"clearly indicate[d]," *Walker*, 111 N.C. App. at 854, 433 S.E.2d at 769, the contrary. The trial court therefore did not err in determining there were no circumstances which would make an award of counsel fees unfair.

### III.

**[3]** Finally, CRC argues

[t]he trial court erred in holding that administrative contested case proceedings are civil actions for purposes of N.C.G.S. § 6-19.1 and that petitioners are entitled to attorneys fees and costs for the contested case proceedings.

Specifically, the trial court found "[t]he 'administrative review' portion of the case was essential to protect petitioners [sic] rights and to preserve a judicial review." The court then calculated that $10,500.00 in counsel fees and $450.88 in expenses

were incurred by petitioners in the 'administrative review' portion of the case. These attorney fees [and expenses] were incurred in a civil action within the meaning of N.C. Gen. Stat. § 6-19.1 and are reasonable.

At the outset, we commend as greatly facilitating our review the trial court's separate calculation and award of counsel fees for the "administrative review" and "judicial review portion[s] of the case." However, although petitioners make a compelling argument that awarding counsel fees for the mandatory administrative origins of the instant controversy would be fair and just, we are constrained to agree with CRC that the award of counsel fees and expenses pursuant to G.S. § 6-19.1 "for the 'administrative review' portion of the case" was error.

G.S. § 6-19.1 allows for an award of counsel fees "[i]n any civil action . . . brought . . . by a party who is contesting State action pursuant to G.S. 150A-43 [now 150B-43]." G.S. § 150B-43 [Right to Judicial Review] provides as follows:

Any person who is aggrieved by the final decision in a contested case, and who has exhausted all administrative remedies made available to him by statute or agency rule, is entitled to judicial review of the decision under this Article, unless adequate procedure for judicial review is provided by another statute.

G.S. § 150B-43 (1995).

The plain language of G.S. § 6-19.1, *see Burgess v. Your House of Raleigh*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990) ("[w]here the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning"), limits the award of counsel fees solely to "a civil action."

An "action" is defined in N.C.G.S. § 1-2 (1983) as "an ordinary proceeding *in a court of justice*" (emphasis added). Although an administrative agency may be accorded discretionary authority, that agency is not part of the "general court of justice." *Ocean Hill Joint Venture v. N.C. Dept. of E.H.N.R.*, 333 N.C. 318, 321, 426 S.E.2d 274, 276 (1993). Further, there "cannot be an action or proceeding" until a cause of action accrues, that is, when the "right to institute and maintain a suit arises." *Id.* at 323, 426 S.E.2d at 277 (citation omitted) (assessment of civil penalty pursuant to N.C.G.S. § 113A-64(a) of Pollution and Sedimentation Control Act not an "action or proceeding" under N.C. G.S. § 1-54).

In addition, this Court has consistently drawn a distinction between allowance under G.S. § 6-19.1 for counsel fees expended during judicial review of agency rulings and the provisions of other statutes for counsel fees accumulated up to an agency's final decision.

In *N.C. Dept. of Correction v. Harding*, 120 N.C. App. 451, 462 S.E.2d 671 (1995) *cert. granted* 343 N.C. 124, 468 S.E.2d 785 (1996), for example, this Court stated

> [t]he award of attorney fees in back pay matters involving the State Personnel Commission is covered by two complementary statutory sections. N.C. Gen. Stat. § 126-4(11) allows the Commission to award attorney fees for services rendered up to the Commission's final decision. . . . [However,] [f]or attorney services rendered on judicial review of the commission's decision, . . . . N.C. Gen. Stat. § 6-19.1 grants a trial court discretionary authority to award attorney fees . . . in a Section 150B-43 appeal . . . .

*Id.* at 454-55, 462 S.E.2d at 674. Although remanding that case "for a determination of . . . how many hours were spent in the judicial review portion in *Harding I*" to facilitate an appropriate award of fees under G.S. § 6-19.1, we concluded plaintiff was not entitled to counsel fees under G.S. § 6-19.1 for judicial review in *Harding II* or

WALKER v. N. C. COASTAL RESOURCES COMM.

[124 N.C. App. 1 (1996)]

*Harding III* as she was not the prevailing party. *Id.* at 456, 462 S.E.2d at 674-75. However, our decision was rendered "without prejudice to the plaintiff to seek complementary attorney's fees under N.C.G.S. § 126-4(11) for services rendered before the Commission throughout this entire proceeding." *Id.* at 456, 462 S.E.2d at 675. *Accord N.C. Dept. of Correction v. Myers*, 120 N.C. App. 437, 442-43, 462 S.E.2d 824, 828 (1995), *cert. granted*, 343 N.C. 307, 469 S.E.2d 556 (1996) (award of attorney's fees "earned on *judicial review* under N.C.G.S. § 6-19.1" (emphasis added) is without prejudice to plaintiff "to seek complementary attorney's fees from the Commission under its discretionary authority under N.C.G.S. § 126-4(11)"); *see also Employment Security Comm. v. Peace*, 115 N.C. App. 486, 488, 445 S.E.2d 84, 86 (1994), *rev'd on other grounds*, 341 N.C. 716, 462 S.E.2d 222 (1995) ("In an action for *judicial review* of a decision made by an administrative agency, the court may award the prevailing party reasonable attorney's fees against the agency only under N.C.G.S. § 6-19.1.") (emphasis added).

Consistent with the clear implication of the above-cited cases and the plain language of G.S. § 6-19.1, therefore, we hold that an administrative hearing under G.S. § 150B-22 *et seq.* is not a "civil action . . . brought . . . pursuant to G.S. 150A-43 [now 150B-43]." *See* G.S. § 6-19.1.

Based on the foregoing, the trial court's award of $12,591.70 to petitioners for counsel fees and costs applicable to the "administrative review" portion of the case is reversed; the award of counsel fees and costs for the "judicial review" portion of the case is affirmed.

Affirmed in part; reversed in part.

Chief Judge ARNOLD and Judge McGEE concur.