R. STANLEY MORGAN, AND A. DEAN BRIDGES, PETITIONERS v. N.C. DEPARTMENT OF TRANSPORTATION, RIGHT OF WAY BRANCH, RESPONDENT

No. COA95-1208

(Filed 15 October 1996)

**Public Officers and Employees § 41 (NCI4th); Costs § 37 (NCI4th)— state employee—posting of position—attorney's fees**

The trial court's award of attorney's fees under N.C.G.S. § 6-19.1 was reversed where petitioners had been interviewed for an area negotiator position at DOT but were not selected; a new area negotiator position was created shortly afterwards which was not posted because it could be filled from the applicant pool for the first vacancy; the Administrative Law Judge held that DOT violated posting requirements but declined to order attorney's fees under N.C.G.S. § 126-4(11) since there was no discrimination, reinstatement, or back pay; the State Personnel Commission upheld the denial of attorney's fees; and the Forsyth County Superior Court allowed attorney's fees under N.C.G.S. § 6-19.1. The trial court correctly found no basis for reversing or modifying the Commission's denial of an award under N.C.G.S. § 126-4(11), but was not authorized to circumvent the application of N.C.G.S. § 126-41 by looking to N.C.G.S. § 6-19.1. In cases involving the State Personnel Commission, the legislature has preempted the application of N.C.G.S. § 6-19.1 to matters before the Commission that arise prior to judicial review; those matters are specifically provided for by N.C.G.S. § 126-41. A contrary interpretation would permit the reviewing court to award attorney's fees that could not be awarded by the Commission for services rendered before it.

**Am Jur 2d, Civil Service §§ 8 et seq.; Costs §§ 57-70.**

**MORGAN V. N.C. DEPT. OF TRANSPORTATION**

[124 N.C. App. 180 (1996)]

Appeal by respondent from order entered 21 August 1995 by Judge Julius A. Rousseau in Forsyth County Superior Court. Heard in the Court of Appeals 22 August 1996.

*Pete Bradley and David V. Liner, for petitioners-appellees.*

*Michael F. Easley, Attorney General, by Robert O. Crawford, III, Associate Attorney General and Melanie Lewis Vtipil, Associate Attorney General, for the State.*

WYNN, Judge.

In early 1994, the North Carolina Department of Transportation (DOT) posted a vacancy notice for the position of area negotiator. Petitioners R. Stanley Morgan and A. Dean Bridges interviewed for the position, but were not selected.

Shortly thereafter, DOT created a new area negotiator position; however, this additional position was not posted because the personnel director determined that the position could be filled from the applicant pool for the first vacancy. In reaching his decision, the personnel director relied on a memorandum from the Office of State Personnel which stated:

> This is in response to your question concerning the necessity of posting and/or listing a vacancy which is identical to one previously announced. We have consistently granted a waiver of the posting/listing requirement when a second vacancy occurs within 60 days of the listing date of the first vacancy as long as the vacancies are identical, including the description of the position, the knowledge and skill requirements, and geographical location.

Petitioners alleged at a hearing before an Administrative Law Judge (ALJ) that DOT violated the posting requirements of N.C. Gen. Stat. § 126-7.1(a) (1995) when it failed to post the second vacancy. The ALJ agreed and ordered DOT to discharge the person selected for the unposted position. The ALJ declined to order attorney's fees under N.C. Gen. Stat. § 126-4(11) (1995) since there was not discrimination, reinstatement, or back pay.

The State Personnel Commission ("Commission") upheld the ALJ's denial of attorney's fees. The petitioners then appealed to Forsyth County Superior Court which issued an order allowing attorney's fees under N.C. Gen. Stat. § 6-19.1 (1986). DOT appeals from that order.

The issue is whether the trial court erred in awarding attorney's fees under N.C.G.S. § 6-19.1 in this case. Finding error, we reverse.

N.C.G.S. § 126-4(11) authorizes the State Personnel Commission to establish rules regarding the assessment of attorney's fees "[i]n cases where the Commission finds discrimination or orders reinstatement or back pay whether (i) heard by the Commission or (ii) appealed for limited review after settlement or (iii) resolved at the agency level." Acting under that authority, the State Personnel Commission determined that it may *only* award attorney's fees where there has been discrimination, reinstatement or back pay. N.C. Admin. Code tit. 25, r. 1B.0414 (February 1996). Since the subject case involved none of these, the Commission concluded that "GS 126-4(11) does not authorize the award of reasonable attorney fees in this case."

N.C. Gen. Stat. § 126-41 (1995) which provides for judicial review of the Commission's decision to award or not award attorney's fees under N.C.G.S. § 126-4(11) states:

> The decision of the Commission assessing or refusing to assess reasonable witness fees or a reasonable attorney's fee as provided in G.S. 126-4(11) is a final agency decision appealable under Article 4 of Chapter 150B of the General Statutes. *The reviewing court may reverse or modify the decision of the Commission if the decision is unreasonable or the award is inadequate.* The reviewing court shall award court costs and a reasonable attorney's fee for representation in connection with the appeal to an employee who obtains a reversal or modification of the Commission's decision in an appeal under this section. (emphasis added).

Thus, upon appeal of the Commission's decision not to award attorney's fees under N.C.G.S. § 126-4(11), N.C.G.S. § 126-41 constrains the Superior Court to reverse or modify the Commission's order only if it is deemed unreasonable or inadequate.

In the case before us, the record indicates that the trial court made no findings as to the reasonableness or inadequacy of the Commission's decision pursuant to N.C.G.S. § 126-41. Further, the petitioners make no argument as to why the Commission's decision not to award attorney's fees under N.C.G.S. § 126-4(11) was either unreasonable or inadequate. In any event, since the Commission had statutory authority to award attorney's fees only in cases involving discrimination, reinstatement or back pay, we conclude that the

Commission properly denied an award of attorney's fees to petitioners under N.C.G.S. § 126-4(11).

Nonetheless, petitioners contend that N.C.G.S. § 6-19.1 offers another avenue for the award of attorney's fees for services performed prior to judicial review. The trial court apparently agreed with that contention holding that "[t]he provisions of GS 6-19.1 regarding this Court's authority to award reasonable attorney fees applies in this case." We hold that N.C.G.S. § 6-19.1 does not empower the trial court to award attorney's fees in State Personnel cases for services rendered prior to judicial review.

N.C.G.S. § 6-19.1 provides:

> In any civil action, other than an adjudication for the purpose of establishing or fixing a rate, or a disciplinary action by a licensing board, brought by the State or brought by a party who is contesting State action pursuant to G.S. 150A-43 or any other appropriate provisions of law, unless the prevailing party is the State, the court may, in its discretion, allow the prevailing party to recover reasonable attorney's fees to be taxed as court costs against the appropriate agency if:

> (1) The court finds that the agency acted without substantial justification in pressing its claim against the party; and

> (2) The court finds that there are no special circumstances that would make the award of attorney's fees unjust.

This statute has a broad application and it provides a punitive type remedy. However, in cases involving the State Personnel Commission, the legislature has preempted the application of N.C. Gen. Stat. § 6-19.1 to matters before the Commission that arise *prior* to judicial review. Those matters are specifically provided for by N.C.G.S. § 126-41 which limits the review of the Commission's award or denial of attorney's fees under N.C.G.S. § 126-4(11). Thus, in reviewing State Personnel Commission decisions, the trial court's authority to award attorney's fees to a prevailing party under N.C.G.S. § 6-19.1 is limited to *services rendered on judicial review* if it finds that the agency was unjustified in pursuing the judicial review of its claim.

Petitioners rely on *North Carolina Dept. of Correction v. Harding,* 120 N.C. App. 451, 462 S.E.2d 671 (1995), *disc. review denied,* 342 N.C. 658, 467 S.E.2d 720 (1996), as authority for the award of attorney's fees under N.C.G.S. § 6-19.1 in this case. Their reliance on *Harding* is misplaced. In *Harding,* this Court found that the trial

court was *not* reviewing the Commission's discretionary authority to award or deny attorney's fees under N.C.G.S. § 126-4(11). *Id.* at 455, 462 S.E.2d at 674. We stated:

> Since the Commission in this case had not entered an award of attorney's fees pursuant to its discretionary powers under N.C.G.S. § 126-4(11), it follows that the trial court in setting the hourly rate was not reviewing an award of the Commission. Rather, it acted under authority granted to it under N.C.G.S. § 6-19.1.

*Id.* Most significantly, *Harding* limited the application of N.C.G.S. § 6-19.1 to the award of attorney's fees for *judicial review* of the Commission's actions, not for services rendered prior to judicial review. *Id.*

In the case before us, the petitioners appealed to the trial court the Commission's denial of attorney's fees under N.C.G.S. § 126-4(11). Such an appeal is permitted only under N.C.G.S. § 126-41 which allows the trial court to reverse or modify the Commission's award if the award were found to be unreasonable or inadequate. Apparently the trial court found no basis for reversing or modifying the Commission's denial of an award under N.C.G.S. § 126-4(11), and our examination of the record indicates that the trial court acted correctly in this regard. However, the trial court was not authorized to circumvent the application of N.C.G.S. § 126-41 in this case by looking to N.C.G.S. § 6-19.1. From the foregoing discussion, we conclude that N.C.G.S. § 6-19.1 allows for an award of attorney's fees in State Personnel Commission cases only for services rendered on judicial review.

Finally, we note that a contrary interpretation allowing the trial court to award attorney's fees under N.C.G.S. § 6-19.1 for services rendered before judicial review would permit the reviewing court to award attorney's fees that could not be awarded by the Commission for services rendered before it. We do not believe that the Legislature intended that result.

For the foregoing reasons, we reverse the trial court's award of attorney's fees under N.C.G.S. § 6-19.1.

Reversed.

Judges JOHNSON and LEWIS concur.