JANICE HARDING, Petitioner v. NORTH CAROLINA DEPARTMENT OF CORRECTION, Respondent

No. COA99-1134

(Filed 19 September 2000)

**Public Officers and Employees— reinstated employee—calculation of back pay**

The State Personnel Commission (SPC) did not abuse its discretion in arriving at a figure for partial back pay for a correctional officer who was dismissed and reinstated. A statement in an earlier appellate decision remanding the case dealt with the right to receive back pay and did not mandate a particular amount. Although it would have been better practice for the SPC to offer some evidentiary basis for the figure awarded, the Administrative Code provides little guidance where partial back pay is premised solely on failure to mitigate and the SPC is therefore required to use its wisdom and discretion in calculating the amount.

Appeal by both parties from judgment entered 14 June 1999 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 16 August 2000.

*Marvin Schiller and David G. Schiller for petitioner-cross-appellant.*

*Attorney General Michael F. Easley, by Assistant Attorney General Neil Dalton, for respondent-appellant.*

LEWIS, Judge.

This appeal marks the fourth time that this case has come before the appellate courts of North Carolina. The North Carolina Correctional Institution for Women ("CIW") dismissed Janice Harding from her position as a correctional officer after Ms. Harding took extended leave without pay due to a pre-existing hip condition. After undergoing hip replacement surgery, Ms. Harding's doctor cleared her for light duty work. Respondent North Carolina Department of Correction ("DOC") refused to reinstate her. Ms. Harding then had a hearing before the Office of Administrative Hearings ("OAH"). The Administrative Law Judge ("ALJ") recommended Ms. Harding's reinstatement at the CIW. He also recommended that she receive back pay. The State Personnel Commission ("SPC") refused to adopt the ALJ's recommendation and upheld the dismissal. Ms. Harding appealed the decision to the superior court. The trial judge reversed the SPC and ordered Ms. Harding's reinstatement; in addition, he concluded that she was entitled to back pay. This Court in *Harding v. N.C. Dept. of Correction*, 106 N.C. App. 350, 416 S.E.2d 587, *disc. review denied*, 332 N.C. 147, 419 S.E.2d 567 (1992) (*Harding I*), affirmed the superior court's decision. Thereafter, DOC reinstated Ms. Harding but did not give her back pay.

Ms. Harding then brought an action against the DOC to recover the back pay that was authorized by *Harding I*. The superior court determined that the DOC should pay Ms. Harding $86,806.01. In *Harding v. N.C. Dept. of Correction*, 334 N.C. 414, 432 S.E.2d 298 (1993) (*Harding II*), the Supreme Court remanded the case to the SPC to determine the amount of back pay, articulating that the SPC's regulations governing back pay make it better suited than the superior court in matters regarding the determination of back pay. On remand, the SPC determined that Ms. Harding was due $86,806.01. In doing so, however, the SPC based its determination on an internal memo that was not a part of the administrative record. In *N.C. Dept. of Correction v. Harding*, 120 N.C. App. 451, 462 S.E.2d 671 (1995), *aff'd per curiam*, 344 N.C. 625, 476 S.E.2d 105 (1996) (*Harding III*), this Court concluded that the SPC did not have the authority to hear or admit new evidence into the record. The case was then remanded to the SPC with instructions to remand to the OAH for a full evidentiary hearing regarding back pay.

Following that hearing, the ALJ issued its Recommended Decision. In it, the ALJ first found that Ms. Harding would have earned $86,806.01 during the period of her wrongful termination. The

ALJ then determined that respondent had recently paid $16,435.21 of that amount to Ms. Harding. Next, the ALJ found that Ms. Harding only "made minimal efforts to find suitable employment during the relevant period" and therefore did not mitigate her damages. The ALJ concluded Ms. Harding was not entitled to the full amount she would have earned, i.e. $86,806.01. Instead, the ALJ recommended partial back pay in the amount of $25,000, exclusive of the $16,435.21 Ms. Harding had already received. However, the ALJ made no findings as to how it derived this amount.

On its review, the SPC adopted the ALJ's findings and recommendations, including the $25,000 partial back pay award. Ms. Harding again petitioned for judicial review, and the superior court remanded the case on the ground that the findings were insufficient to support the $25,000 figure awarded. Both parties now appeal. Ms. Harding claims she is entitled to the full $86,806.01 based on this Court's decision in *Harding I*, less the $16,435.21 she already received. Respondent counters that the SPC's partial award of $25,000 was correct and that the findings were sufficient to support this figure.

In *Harding II*, our Supreme Court emphasized that the SPC is vested with broad discretion in determining *whether* to award back pay. *Harding II*, 334 N.C. at 420, 432 S.E.2d at 302. So long as the SPC follows its own rules for calculating back pay, this discretion would extend to determinations of the *amount* of back pay to be awarded as well. Petitioner contends that *Harding I* removed the SPC's discretion here and mandated an award of full back pay. Specifically, she points to the following language from *Harding I*: "[Petitioner] would, of course, be entitled to compensation for the time during which she was wrongfully terminated." *Harding I*, 106 N.C. App. at 356, 416 S.E.2d at 590. We do not believe this statement in any way mandates an award of full back pay or otherwise abrogates the SPC's traditional discretionary role. At best, this isolated statement only deals with petitioner's right to receive back pay. In no way does it mandate a particular amount that she must be paid.

Next, we address whether the SPC's findings were sufficiently specific to support its partial back pay award of $25,000. We note that there is a paucity of case law discussing how specific agency findings must be in the context of calculating partial back pay awards. Some guidance is found in the North Carolina Administrative Code ("the Code"), which sets out the guidelines to be used by the SPC in making back pay determinations. According to those rules:

(a) The Personnel Commission has the authority to award full or partial back pay in all cases in which back pay is a requested or possible remedy.

. . . .

(l) One component of the decision to award back pay shall be evidence, if any, of the grievant's efforts to obtain available, suitable employment following separation from state government.

N.C. Admin. Code tit. 25, r. 1B.0421 (June 2000).

It is clear that the Code authorizes partial awards of back pay and states that evidence of mitigation is to be considered in back pay determinations. Here, the SPC followed those guidelines; petitioner's "minimal efforts" to find employment provided the basis for awarding only partial back pay. The Code, however, sets forth no specific formula or other guidance for calculating the amount of partial back pay. We will not attempt to do so here, as *Harding II* reminds us that the SPC is better suited than our courts for calculating back pay. *Harding II*, 334 N.C. at 420, 432 S.E.2d at 302. As stated earlier, such calculations necessarily involve some element of discretion by the SPC.

In this case, although it might have been better practice for the SPC to offer some evidentiary basis for its award of $25,000, we cannot say the SPC abused its discretion in arriving at this figure. Like a jury, the SPC may believe all, part, or none of the evidence put before it. Admittedly, requiring the SPC to provide a specific basis for its decisions would be theoretically appealing. In practice, however, such a requirement would be both unduly burdensome, as it may require a remand to the OAH for the introduction of further evidence, and unrealistic, as specific evidence likely would not even exist. We therefore conclude that the SPC's findings regarding Ms. Harding's failure to mitigate, coupled with its findings as to how much she would have earned during the period of her wrongful termination, provided sufficient support to justify its award of $25,000 in partial back pay.

We wish to emphasize that, in some situations, partial back pay can be easily calculated, such as when the grievant actually becomes employed elsewhere during the period of wrongful termination. In those instances, the SPC's discretion is necessarily limited, as the Code mandates that the grievant's interim wages be subtracted from

**HARDING v. N.C. DEP'T OF CORRECTION**

[140 N.C. App. 145 (2000)]

the full amount she would have received. N.C. Admin. Code tit. 25, r. 1B.0421(c). In situations like the present one, where partial back pay is premised solely upon the grievant's failure to mitigate, with no figures to calculate, the Code provides little guidance, thereby requiring the SPC to exercise its wisdom and discretion in calculating the amount of partial back pay to be awarded.

We reverse the order of the trial court and remand for entry of an order affirming the SPC's partial back pay award of $25,000.

Reversed and remanded.

Judges WALKER and HUNTER concur.