JANICE HARDING v. NORTH CAROLINA DEPARTMENT OF CORRECTION

JANICE HARDING v. NORTH CAROLINA DEPARTMENT OF CORRECTION

No. 113PA93
No. 114PA93

(Filed 30 July 1993)

1. **Administrative Law and Procedure § 54 (NCI4th); Public Of-ficers and Employees § 63 (NCI4th)— State employee grievance—appellate jurisdiction of superior court**

    N.C.G.S. §§ 7A-250(a) and 150B-43 confer on the superior courts only appellate jurisdiction over final decisions of the State Personnel Commission on State employee grievances.

    **Am Jur 2d, Administrative Law § 560; Civil Service §§ 52 et seq.**

2. **Administrative Law § 65 (NCI4th)— decision of State Person-nel Commission—superior court review**

    The superior court's review of a final decision of the State Personnel Commission is limited to (1) determining whether the Commission heard new evidence after receiving the deci-sion of the Office of Administrative Hearings and (2) affirming, remanding for further proceedings, reversing, or modifying the Commission's decision.

    **Am Jur 2d, Administrative Law § 730.**

3. **Public Officers and Employees § 59 (NCI4th)— State employee—amount of back pay—no jurisdiction in superior court—jurisdiction of State Personnel Commission**

    The superior court lacked jurisdiction to enter an order awarding a specific amount of back pay to a State employee given the authority of the State Personnel Commission over back pay, the absence of record findings of fact by the Commis-sion, and the superior court's lack of fact-finding authority in appeals from employee grievances. A request for determina-tion of the amount of back pay to which petitioner was entitled should have been addressed to the Commission.

    **Am Jur 2d, Civil Service § 48.**

**4. Contempt of Court § 8 (NCI4th)— void order—no basis for contempt**

Where the superior court lacked jurisdiction to order respondent State agency to pay a specific amount of back pay to petitioner, the order could not be the basis of punishment for civil contempt.

**Am Jur 2d, Contempt §§ 4, 5, 13 et seq.**

**Right to punish for contempt for failure to obey court order or decree either beyond power or jurisdiction of court or merely erroneous. 12 ALR2d 1059.**

Case Number 113PA93 on discretionary review pursuant to N.C.G.S. § 7A-31 prior to determination by the Court of Appeals of an order enforcing a judgment for petitioner entered 16 October 1992 by Farmer, J., in Wake County Superior Court. Heard in the Supreme Court 10 May 1993.

Case Number 114PA93 on discretionary review pursuant to N.C.G.S. § 7A-31 prior to determination by the Court of Appeals of an order directing respondent to appear and show cause why it should not be punished for civil contempt entered 9 November 1992 by Farmer, J., in Wake County Superior Court. Heard in the Supreme Court 10 May 1993.

*Schiller Law Offices, by Marvin Schiller, for petitioner-appellee Janice Harding.*

*Attorney General Michael F. Easley, by Assistant Attorney General Valerie L. Bateman, for respondent-appellant North Carolina Department of Correction.*

PARKER, Justice.

The issues presented by these two cases are whether the superior court erred (i) in determining the amount of back pay due petitioner and in ordering respondent to make payment thereof and (ii) in issuing a show cause order for contempt proceedings upon respondent's failure to comply with the order. We conclude the court lacked jurisdiction to enter the order purporting to enforce the prior award of back pay and that the order could not be the basis for contempt.

Since the underlying facts are set out in *Harding v. N.C. Dept. of Correction*, 106 N.C. App. 350, 416 S.E.2d 587 ("*Harding I*"), *disc. rev. denied*, 332 N.C. 147, 419 S.E.2d 567 (1992), we repeat here only those facts necessary to an understanding of these appeals. Petitioner's grievance arising from respondent's refusal to reinstate her was heard in the Office of Administrative Hearings, and the administrative law judge recommended that the adverse personnel action be reversed. The State Personnel Commission ("the Commission"), however, ordered that respondent's decision remain undisturbed. On appeal the superior court reversed the decision of the Commission and ordered the following:

> [T]hat the Decision and Order of the State Personnel Commission dated December 13, 1989, is reversed. The Petitioner shall be reinstated in her employment with back pay, awarded attorneys fees and afforded all benefits of continuous state employment. *Accordingly, this matter is hereby remanded to the State Personnel Commission for entry of an order and for further proceedings not inconsistent with this Judgment.*

(Emphasis added.) The Court of Appeals affirmed. *Harding I*, 106 N.C. App. at 356, 416 S.E.2d at 591.

After this Court declined to review the decision of the Court of Appeals, petitioner's attorney wrote to respondent's counsel on 16 July 1992 to request expeditious calculation and payment of back pay. Although petitioner was reinstated, she soon became unable to work because of deteriorating arthritic function and stopped work on the advice of her doctor. Negotiations over back pay continued but the parties failed to reach an agreement. In September 1992 petitioner filed a document entitled "Motion for Enforcement of Judgment and Other Relief" in Wake County Superior Court. Citing the prior superior court order directing that petitioner be reinstated with back pay, petitioner alleged that respondent "intentionally, deliberately and wilfully refused to comply with the" order. Petitioner requested the superior court to

> order that the actual payment of the back pay be made by Respondent no later than October 15, 1992[,] and to award Petitioner interest at the legal rate of 8% from July 8, 1992[,] until the back pay is paid and for further attorneys [sic] fees to be paid to Mrs. Harding's attorney for the time he has devoted or will devote to obtaining her back pay and to issue a civil fine in the amount of $10,000.00 against Respondent

for willful failure to comply with the Court's Judgment, find the Respondent in Contempt of Court and order all other necessary and appropriate relief.

After a hearing the superior court ordered respondent to pay petitioner back pay in the amount of $86,806.01 no later than 31 October 1992, with interest at the legal rate of eight percent from 8 July 1992. The court also ordered respondent to pay attorney's fees but made no findings as to the amount due. On 30 October 1992 respondent gave notice of appeal to the Court of Appeals.

Respondent did not comply with this order, and petitioner moved that V. Lee Bounds, Secretary for the Department of Corrections, appear and show cause why he should not be punished for civil contempt. On 9 November 1992 the superior court ordered that Bounds appear and show cause on 20 November 1992; on 12 November respondent gave notice of appeal to the Court of Appeals.

On 15 March 1993 respondent petitioned this Court for discretionary review prior to determination of its appeals by the Court of Appeals. Respondent also moved to consolidate the two appeals with that in *North Carolina Department of Transportation v. Davenport*, 334 N.C. 428, 432 S.E.2d 303 (1993), arguing in part that the disposition in the latter case would affect respondent's appeals. This Court granted the petitions and motions on 31 March 1993.

On the issue of subject matter jurisdiction, we note first that in *Batten v. N.C. Dept. of Correction*, 326 N.C. 338, 389 S.E.2d 35 (1990), this Court addressed the issue of jurisdiction of other tribunals over appeals of state employee grievances. Of the Office of Administrative Hearings ("OAH"), this Court said:

> The jurisdiction of the OAH over the appeals of state employee grievances derives not from Chapter 150B, but from Chapter 126. The administrative hearing provisions of Article 3, Chapter 150B, do not establish the right of a person "aggrieved" by agency action to OAH review of that action, but only describe the procedures for such review. *See* N.C.G.S. § 150B-23(a) (1987). The purpose of that Chapter is narrowly defined: "to establish as nearly as possible a uniform system of administrative rule making and adjudicatory procedures for State agencies." N.C.G.S. § 150B-1(b) (1987).

*Batten,* 326 N.C. at 342-43, 389 S.E.2d at 38. Furthermore, "only section 126-37 confers upon the State Personnel Commission or upon the OAH the jurisdiction, or power, to deal with the action in question." *Id.* at 343, 389 S.E.2d at 39 (referring to appeal of grievance arising from reallocation of employee). The latter statute provides in pertinent part:

> Appeals involving a disciplinary action, alleged discrimination, and any other contested case arising under this Chapter [126] shall be conducted in the Office of Administrative Hearings as provided in Article 3 of Chapter 150B; provided that no grievance may be appealed unless the employee has complied with G.S. 126-34. The State Personnel Commission shal[l] make a final decision in these cases as provided in G.S. 150B-36. The State Personnel Commission is hereby authorized to reinstate any employee to the position from which he has been removed, to order the employment, promotion, transfer, or salary adjustment of any individual to whom it has been wrongfully denied *or to direct other suitable action to correct the abuse which may include the requirement of payment for any loss of salary which has resulted from the improperly discriminatory action of the appointing authority.*

N.C.G.S. § 126-37(a) (1991) (emphasis added).

[1]  Jurisdiction of the superior courts over final decisions of the Commission derives not from Chapter 126, but from Chapters 7A and 150B. The former chapter provides in pertinent part:

> Except as otherwise provided in subsections (b) and (c) of this section, the superior court division is the proper division, without regard to the amount in controversy, for review by original action or proceeding, or *by appeal, of the decisions of administrative agencies, according to the practice and procedure provided for the particular action, proceeding, or appeal.*

N.C.G.S. § 7A-250(a) (1989) (emphasis added).

The Administrative Procedure Act provides as follows:

> Any person who is aggrieved by the final decision in a contested case, and who has exhausted all administrative remedies made available to him by statute or agency rule, is entitled to judicial review of the decision under this Article, unless adequate procedure for judicial review is provided by

another statute, in which case the review shall be under such other statute. Nothing in this Chapter shall prevent any person from invoking any judicial remedy available to him under the law to test the validity of any administrative action not made reviewable under this Article.

N.C.G.S. § 150B-43 (1991). By their plain language these statutes confer on the superior courts only appellate jurisdiction over final decisions of the Commission on state employee grievances.

[2] As in *Batten*, "practice and procedure" are provided by statutes other than those conferring jurisdiction. On appeal to the superior court from the Commission's final decision, appellate procedure is governed exclusively by Chapter 150B. The Commission is required to transmit a copy of the official record in a contested case to the superior court. N.C.G.S. § 150B-47. Although on appeal a party may apply to the superior court to present additional evidence, the court cannot hear such evidence but may only remand for the taking of additional evidence. N.C.G.S. § 150B-49. The court's review is limited to (i) determining whether the Commission heard new evidence after receiving the decision of the OAH and (ii) affirming, remanding for further proceedings, reversing, or modifying the Commission's decision. N.C.G.S. § 150B-51. Construing a prior enactment of the latter statute, the Court of Appeals said credibility of witnesses and resolution of conflicts in their testimony is for the agency, not the reviewing court. *In re Dailey v. Board of Dental Examiners*, 60 N.C. App. 441, 444, 299 S.E.2d 473, 476, *rev'd on other grounds*, 309 N.C. 710, 309 S.E.2d 219 (1983). In addition, "[a]gency findings of fact are conclusive if, upon review of the whole record, they are supported by competent, material, and substantial evidence." *In re Humana Hosp. Corp. v. N.C. Dept. of Human Resources*, 81 N.C. App. 628, 633, 345 S.E.2d 235, 238 (1986).

The foregoing statutory procedures constitute the only authority for a state employee to sue the State for an employee grievance. As this Court stated in *Guthrie v. State Ports Authority*, 307 N.C. 522, 299 S.E.2d 618 (1983):

"When statutory provision has been made for an action against the State, the procedure prescribed by statute must be followed, and the remedies thus afforded are exclusive. The right to sue the State is a conditional right, and the terms prescribed by the Legislature are conditions precedent to the institution of the action."

*Id.* at 539, 299 S.E.2d at 628 (quoting *Insurance Co. v. Gold, Commissioner of Insurance,* 254 N.C. 168, 173, 118 S.E.2d 792, 795 (1961) ) (citations omitted).

This Court has previously recognized that under applicable statutes, whether to award back pay is within the discretion of the Commission. *Jones v. Dept. of Human Resources,* 300 N.C. 687, 691-92, 268 S.E.2d 500, 503 (1980) (citing N.C.G.S. §§ 126-4, -37). Pursuant to its statutory rulemaking authority, N.C.G.S. § 126-4, the Commission has enacted detailed rules governing back pay and the calculation thereof. 25 NCAC 1B .0421 (Oct. 1991). For example, gross back pay must be reduced by interim earnings, except earnings from secondary employment approved prior to dismissal. *Id.* 1B .0421(c). In addition, back pay must "include any across the board compensation which would have been included in the grievant's regular salary except for the interruption in employment." *Id.* 1B .0421(i). Further, "[i]f the grievant's longevity eligibility date occurred during the period of interrupted employment, back pay shall include the difference between the pro-rated longevity payment made at dismissal and the amount of longevity pay that would have been payable had employment not been interrupted." *Id.* 1B .0421(j). "Back pay must be applied for on Office of State Personnel form PD 14." *Id.* 1B .0421(k). These and other rules require the Commission to make findings of fact, even though no rule addresses this specific issue.

[3] The record before this Court does not include any back pay findings by the Commission. Given the authority of the Commission over back pay, the absence of record findings, and the superior court's lack of fact-finding authority in appeals from employee grievances, the superior court in the instant case could not enter an order awarding back pay in a specific amount. Therefore, we hold the superior court erred in ordering respondent to pay petitioner back pay in the amount of $86,806.01.

In light of the Commission's authority over back pay, that tribunal is the proper forum for resolution of the issues raised by petitioner's motion. Under the authority of *Meyers v. Dept. of Human Resources,* 105 N.C. App. 665, 415 S.E.2d 70, *aff'd in part,* 332 N.C. 655, 422 S.E.2d 576 (1992), the request for determination of the amount of back pay to which petitioner was entitled should have been addressed to the Commission.

BD. OF ADJMT. OF THE TOWN OF SWANSBORO v. TOWN OF SWANSBORO

[334 N.C. 421 (1993)]

**[4]**   Because the superior court lacked jurisdiction to enter the order for enforcement of judgment directing respondent to pay petitioner back pay, the order was invalid. Accordingly, we also hold the court erred in issuing the show cause order. "Disobedience of an order made without, or in excess of, jurisdiction is not punishable as contempt. *State v. Black*, 232 N.C. 154, 59 S.E.2d 621 (1950)." *In re Smith*, 301 N.C. 621, 633, 272 S.E.2d 834, 842 (1981); *see also Harding v. Harding*, 46 N.C. App. 62, 64, 264 S.E.2d 131, 132 (1980) (stating that since court had no jurisdiction to expand contract obligations, order purporting to do so was void and violation of the order could not be basis for contempt).

For the foregoing reasons, the order entered 16 October 1992 purporting to enforce the prior judgment by awarding $86,806.01 in back pay and the order to show cause are vacated.

VACATED.