VICKI HILL, PLAINTIFF v. R.W. MORTON, AREA DIRECTOR, FORSYTH-STOKES AREA MENTAL HEALTH, MENTAL RETARDATION AND SUBSTANCE ABUSE AUTHORITY, DEFENDANT

No. 9321SC397

(Filed 21 June 1994)

**Administrative Law and Procedure § 65 (NCI4th)— dismissal of state employee—State Personnel Commission decision—superior court review**

A superior court judgment was vacated and remanded where plaintiff was dismissed; had a hearing before an administrative law judge; another hearing before the State Personnel Commission, which adopted the administrative law judge's findings that the dismissal be left undisturbed; filed an action in superior court requesting a trial on the record developed before the administrative law judge pursuant to N.C.G.S. § 126-37(b); and the superior court conducted a hearing on the record and made its own findings and conclusions, deciding that plaintiff was not dismissed for just cause. The superior court treated the statute as creating a cause of action in which the court could make its own findings of fact and substitute its own judgment for the Commission's and, in doing so, exceeded its jurisdiction over state employee grievances. Allowing a new cause of action at this point, after prior administrative hearings have been conducted, is senseless in that it interrupts the logical progression on an employee's action from the administrative hearing to appellate review in the superior court. *Mitchell v. Thornton*, 94 N.C. App. 313, was implicitly overruled by *Harding v. North Carolina Dept. of Correction*, 334 N.C. 414.

**Am Jur 2d, Administrative Law §§ 559, 582.**

**HILL v. MORTON**

[115 N.C. App. 390 (1994)]

Appeal by defendant from judgment entered 8 January 1993 by Judge Joseph R. John, Sr. in Forsyth County Superior Court. Heard in the Court of Appeals 3 February 1994.

Plaintiff was employed by defendant from February 1982 until her dismissal in June 1988. After her dismissal plaintiff requested and received a hearing before an administrative law judge to determine if she was dismissed for just cause. The administrative law judge recommended that plaintiff's dismissal be left undisturbed. Afterwards, the State Personnel Commission (the Commission) held a hearing on the matter and adopted the administrative law judge's findings and conclusions.

Plaintiff finally filed an action in superior court requesting (1) a trial on the record developed before the administrative law judge pursuant to N.C. Gen. Stat. § 126-37(b) or (2) judicial review pursuant to N.C. Gen. Stat. § 150B-43. Using the record developed in the office of administrative hearings, the superior court conducted a hearing on the record as requested in plaintiff's first cause of action. The superior court made its own findings of fact and conclusions of law, decided that plaintiff was not dismissed for just cause, and ordered that she be reinstated. Plaintiff's claim for judicial review under Chapter 150B was dismissed. Defendant appeals from this judgment.

*Forsyth County Attorney, by Bruce E. Colvin, for defendant appellant.*

*Robert E. Winfrey for plaintiff appellee.*

ARNOLD, Chief Judge.

Defendant argues, correctly in our view, that the superior court erred in conducting what amounted to a new trial on the propriety of plaintiff's dismissal.

This action was initiated and tried under N.C. Gen. Stat. § 126-37(b) (1990) which provides:

An action brought in superior court by an employee who is dissatisfied with an advisory decision of the State Personnel Commission or with the action taken by the local appointing authority pursuant to the decision shall be heard upon the record and not as a trial de novo. In such an action brought by a local employee under this section, the defendant shall be the local

appointing authority. If superior court affirms the decision of the Commission, the decision of superior court shall be binding on the local appointing authority.

Judging from the record, the superior court treated this section as creating a cause of action in which the court could make its own findings of fact and substitute its judgment for the Commission's. In doing so the superior court exceeded its jurisdiction over state employee grievances. This section does not create a cause of action but instead refers to judicial review provided by N.C. Gen. Stat. § 150B-43 (1991). In particular, the language in G.S. § 126-37(b), which states that plaintiff "shall be heard upon the record and not as a trial de novo," rings of judicial review, and is a reference to the "whole record test" found in Chapter 150B. This section does not grant the superior court authority to make its own findings of fact and conclusions of law, or to charge one party with attorney fees, as the court did in this case. Allowing a new cause of action at this point, after prior administrative hearings have been conducted, is senseless in that it interrupts the logical progression of an employee's action from the administrative hearing level, G.S. § 126-37(a), to appellate review in the superior court pursuant to Chapter 150B.

We are aware of this Court's opinion in *Mitchell v. Thornton*, 94 N.C. App. 313, 380 S.E.2d 146 (1989), which holds that G.S. § 126-37(b) creates a cause of action. That opinion was implicitly overruled, however, by the Supreme Court's decision in *Harding v. North Carolina Dep't of Correction*, 334 N.C. 414, 432 S.E.2d 298 (1993).

In *Harding*, the Supreme Court defined the boundaries of the superior court's jurisdiction over final decisions of the Commission. The Supreme Court held that "[j]urisdiction of the superior courts over final decisions of the Commission derives not from Chapter 126, but from Chapters 7A and 150B." *Id.* at 418, 432 S.E.2d at 301. Chapters 7A and 150B "confer on the superior courts only appellate jurisdiction over final decisions of the Commission on state employee grievances," *id.* at 419, 432 S.E.2d at 301, and moreover, these chapters constitute "the only authority to sue the State for an employee grievance." *Id.*

We conclude then that *Mitchell* is overruled and that plaintiff's only recourse is judicial review in the superior court pursuant to

Chapter 150B. Therefore, the superior court's judgment is vacated in full, and the case is remanded to the superior court for review pursuant to Chapter 150B.

So that there will be no question on remand we address defendant's jurisdiction argument. We hold that the superior court did not lack personal jurisdiction over defendant. Even if service of the amended complaint was not properly executed, that leaves the court with jurisdiction over defendant via the original complaint, in which plaintiff included her petition for judicial review pursuant to Chapter 150B. *See, e.g., International Controls Corp. v. Vesco*, 556 F.2d 665 (2d Cir. 1977), *cert. denied*, 434 U.S. 1014, 54 L. Ed. 2d (1978); *Beckham v. Grand Affair, Inc.*, 671 F. Supp. 415 (W.D.N.C. 1987).

Vacated and remanded.

Judges WYNN and MARTIN concur.