FRED JACKSON D/B/A COMPLETE CLEANING COMPANY, PETITIONER V.
DEPARTMENT OF ADMINISTRATION, RESPONDENT

No. COA97-232

(Filed 16 September 1997)

**Administrative Law and Other Procedure § 57 (NCI4th)— judicial review—final agency decision—not required**

   In an action challenging the failure of the Department of Administration to award petitioner a contract for janitorial services, the trial court erred by dismissing petitioner's petition for

judicial review for failure to exhaust his administrative remedies where petitioner did not file any written exceptions or arguments to the agency's final decision. While N.C.G.S. § 150B-36(a) provides the parties with an opportunity to file written exceptions and/or written arguments, it does not create an additional exhaustion hurdle and in no way obligated petitioner to file specific exceptions to the recommended decision before issuance of a final agency decision.

Appeal by petitioner from order entered 9 September 1996 by Judge Marvin K. Gray in Mecklenburg County Superior Court. Heard in the Court of Appeals 11 August 1997.

*Dillard Law Offices, by Jesse R. Dillard, Jr., for petitioner-appellant.*

*Attorney General Michael F. Easley, by Assistant Attorney General Teresa L. White, for respondent-appellee.*

WYNN, Judge.

On 17 July 1995, petitioner filed a petition for a contested case hearing in the Office of Administrative Hearings alleging that respondent "refused to award [him] a contract for janitorial services although [he] was the lowest responsive bidder to the request for proposal." On 4 January 1996, Administrative Law Judge Beecher R. Gray entered a recommended decision in which he recommended affirming respondent's decision.

On 4 March 1996, petitioner received a notice of pending final agency decision which informed him that each party had the right to file exceptions to the recommended decision, as well as written arguments. Although petitioner requested, and received, a fifteen-day extension of time in which to file any exceptions and written arguments, petitioner did not do so. On 30 May 1996, the agency entered a final agency decision adverse to petitioner.

By petition for judicial review dated 3 July 1996 and filed in Mecklenburg County Superior Court, petitioner sought judicial review of the final agency decision. Respondent moved to dismiss the petition on the ground that petitioner failed to exhaust his administrative remedies. On 9 September 1996, the Honorable Marvin K. Gray dismissed the petition for lack of jurisdiction based on petitioner's failure to exhaust administrative remedies. Although the basis for

Judge Gray's decision does not appear in the record before this Court, the parties agree that his decision was based on petitioner's failure to file written exceptions and/or written arguments prior to issuance of the final agency decision.

The sole issue presented by this appeal is whether the trial court erred by dismissing the petition for lack of jurisdiction. Specifically, petitioner contends that his failure to file written exceptions and/or written arguments has no bearing on the superior court's jurisdiction, and that "[f]iling exceptions and/or arguments is an optional portion of the contested case remedy." We agree.

A party's right to judicial review is governed by N.C. Gen. Stat. § 150B-43 (1995) which provides, among other things, that a party seeking judicial review must exhaust all available administrative remedies before doing so. N.C. Gen. Stat. § 150B-43 (1995). The doctrine of exhaustion of administrative remedies is designed to avoid the " 'interruption and cessation of proceedings before a commission by untimely and premature intervention by the courts [which] would completely destroy the efficiency, effectiveness, and purpose of the administrative agencies.' " *Church v. Board of Education*, 31 N.C. App. 641, 646-47, 230 S.E.2d 769, 772 (1976) (quoting *Elmore v. Lanier, Comr. of Insurance*, 270 N.C. 674, 678, 155 S.E.2d 114, 116 (1967)), *appeal dismissed and disc. review denied*, 292 N.C. 264, 233 S.E.2d 391 (1977). Therefore, as a general rule a party must exhaust all applicable administrative remedies before filing in the superior court. *Id.; see also N.C. Central University v. Taylor*, 122 N.C. App. 609, 471 S.E.2d 115 (1996), *aff'd per curiam*, 345 N.C. 630, 481 S.E.2d 83 (1997).

Here, respondent does not contend that petitioner omitted any of the necessary levels of administrative review. Instead, respondent simply argues that petitioner's failure to file written exceptions and/or arguments pending final agency review constituted a failure to exhaust administrative remedies. This position is not supported by either our case law or the relevant statutory provision.

N.C. Gen. Stat. § 150B-36(a) (1995) provides that "[b]efore the agency makes a final decision, it shall give each party an *opportunity* to file exceptions to the decision recommended by the administrative law judge, and to present written arguments to those in the agency who will make the final decision or order." N.C. Gen. Stat. § 150B-36(a) (1995) (emphasis added). Although the statute places an affirmative duty on the *agency* to provide this opportunity to the par-

ties, the plain language of the statute "in no way obligates petitioners to file specific exceptions to the recommended decision before issuance of the final agency decision." *Owen v. UNC-G Physical Plant*, 121 N.C. App. 682, 685, 468 S.E.2d 813, 816, *disc. review improvidently allowed*, 344 N.C. 731, 477 S.E.2d 33 (1996). "To hold otherwise would require this Court to read language into the statute where none presently exists." *Id.*

As *Owen* makes clear, N.C. Gen. Stat. § 150B-36(a) (1995) simply provides the parties with an *opportunity* to file written exceptions and/or written arguments. By its plain language, it does not create an additional exhaustion hurdle. Therefore, we hold that the trial court erred in dismissing the petition for failure to exhaust administrative remedies.

Reversed and remanded for further proceedings.

Judges JOHN and SMITH concur.