SANDRA J. CUNNINGHAM, Petitioner v. CATAWBA COUNTY, Respondent

SANDRA J. CUNNINGHAM, Petitioner v. BOBBY K. BOYD, Director of Catawba County Department of Social Service and Catawba County, Respondents

No. COA97-23

(Filed 2 December 1997)

**Administrative Law and Procedure § 44 (NCI4th); Public Officers and Employees § 63 (NCI4th)— county DSS— refusal to adopt SPC decision—statement of reasons— service on employee**

A county DSS, a local appointing authority within the meaning of N.C.G.S. § 126-37 (1993), was required to state the specific reasons why it did not adopt the recommended decision of the State Personnel Commission to reinstate petitioner and to serve a copy of its final decision on the petitioner; however, the DSS was not obligated to comply with N.C.G.S. § 150B-36(b) so that it was not required to enter findings of fact and conclusions of law.

Appeal by petitioner from judgment and order filed 30 September 1996 and from order filed 16 October 1996 by Judge Robert D. Lewis in Catawba County Superior Court. Heard in the Court of Appeals 22 October 1997.

*The Long Law Firm, by Samuel H. Long, III, for petitioner appellant.*

*Sigmon, Sigmon and Isenhower, by W. Gene Sigmon, for respondents appellees.*

GREENE, Judge.

Sandra Cunningham (petitioner) appeals from a judgment and order of the Catawba County Superior Court (trial court) which rein-

stated her as an employee of the defendant, Catawba County (County), but reduced her award for attorney fees to $6,430.00 and denied her request for back pay.

The facts reveal that on 2 July 1993, petitioner was dismissed from her job as a social worker with the Catawba County Department of Social Services (DSS) (an agency of the County) for "falsifying job information through misrepresentation of [her] credentials." County manager, J. Thomas Lundy, ultimately upheld petitioner's dismissal after she appealed it in accordance with section 16-112 of the Catawba County Personnel Code. Petitioner then requested a contested case hearing with the North Carolina Office of Administrative Hearings pursuant to Chapters 126 and 150B of the North Carolina General Statutes.

The State Personnel Commission (Commission), relying on evidence presented before an Administrative Law Judge (ALJ), issued its "Recommendation" in two parts. The first "Recommendation," dated 27 September 1994, recommended that petitioner be reinstated to her former position or similar one, be awarded back pay and applicable benefits, and be awarded reasonable attorney fees. The second "Recommendation," dated 31 March 1995, recommended that the County pay petitioner's attorney fees in the amount of $11,399.00. The County responded to the "Recommendations" in a letter dated 3 May 1995 that it "[would] not follow the recommendations" of the Commission. This letter made no findings of fact or conclusions of law, did not specify the reasons for rejecting the Commission's recommended decision, and was not served upon the petitioner. The petitioner then filed a petition in superior court to enforce the decision of the Commission.

The trial court focused "its review on the final decision of the [County] in accordance with G.S. 150B-51." The trial court then reviewed the evidence presented to the ALJ and found that the decision by the County to dismiss the petitioner was "unsupported by substantial evidence." The trial court further found that because the record did not contain any evidence "with regard to [the petitioner's] post discharge earnings" it was without authority to order an award of back pay. Finally, the trial court found that the petitioner was entitled to an award of attorney fees only "for the contested case proceedings before the [ALJ], the . . . Commission, and appeal to the Superior Court . . . ."

The dispositive issue is whether a "local appointing authority," within the meaning of N.C. Gen. Stat. § 126-37, is required to render its decision in accordance with N.C. Gen. Stat. § 150B-36(b).

Employees of a "local appointing authority," here DSS, are subject to the provisions of the State Personnel System, as are state employees. N.C.G.S. § 126-5(a)(2) (1995) (listing non state employees subject to Chapter 126); N.C.G.S. § 126-37(a) (1993). As such, DSS employees "may commence a contested case under [Chapter 150B, Article 3] . . . ." N.C.G.S. § 150B-23(a) (1995); N.C.G.S. § 126-37(a) (1993). The Commission, after a hearing before an ALJ, "shall make a final decision in these cases as provided in G.S. 150B-36." N.C.G.S. § 126-37(a) (1993). Except when the Commission "finds that the employee has been subjected to discrimination . . . [,] the decisions of the . . . Commission shall be advisory to the local appointing authority." *Id.* An employee "dissatisfied with . . . the action taken by the local appointing authority pursuant to the decision [of the Commission] shall be heard [by the superior court] upon the record and not as a trial de novo." N.C.G.S. § 126-37(b) (1993). Although "local appointing authorit[ies]" are not agencies within the meaning of the Administrative Procedure Act (Act), *see* N.C.G.S. § 150B-2(1) (1995), "the principles embodied in the Act 'are highly pertinent' to" *review* by the superior court, *Vulcan Materials Co. v. Guilford County Bd. of Comrs.*, 115 N.C. App. 319, 322, 444 S.E.2d 639, 642, *disc. review denied*, 337 N.C. 807, 449 S.E.2d 758-59 (1994) (quoting *Concrete Co. v. Board of Commissioners*, 299 N.C. 620, 625, 265 S.E.2d 379, 382 (1980)), *rehearing denied*, 300 N.C. 562, 270 S.E.2d 106 (1980). Thus, the superior court reviewing a decision by a "local appointing authority," within the context of a Chapter 126 proceeding, "must determine if the decision is affected by any error of law; made upon unlawful procedure; comports with due process; is supported by competent, material, and substantial evidence in the whole record; or is arbitrary and capricious." *Vulcan Materials*, 115 N.C. at 322, 444 S.E.2d at 642;[1] *see Gray v. Orange County Health Dept.*, 119 N.C. App. 62, 73, 457 S.E.2d 892, 900 (1995) (applying Chapter 150B to review of decision of local health department),[2] *disc. review denied*, 341 N.C. 649, 462 S.E.2d 511 (1995).

---

1. Of course the court's scope of review will be further limited by the errors assigned by the appellant. *Utilities Comm. v. Oil Co.*, 302 N.C. 14, 21, 273 S.E.2d 232, 236 (1981).

2. We note that the legislature amended section 126-37 to specifically provide that decisions of "local appointing authorit[ies]" are "subject to judicial review pursuant to Article 4 of Chapter 150B of the General Statutes." N.C.G.S. § 126-37(b2)

CUNNINGHAM v. CATAWBA COUNTY

[128 N.C. App. 70 (1997)]

The petitioner argues that DSS, as the "local appointing authority," was bound to make its final decision "in accordance with G.S. 150B-36" and that failure to do so requires that the decision of the Commission be adopted as the final decision of DSS.

There is no dispute that the final decision of DSS did not comply with the requirements of section 150B-36(b) in that it: (1) did not include any findings of fact; (2) did not include any conclusions of law; (3) did not state specific reasons why DSS refused to adopt the decision of the Commission; and (4) was not personally served upon the petitioner or delivered to her by certified mail. N.C.G.S. § 150B-36(b) (1995). Is the "local appointing authority" required to follow section 150B-36? Section 126-37, as it existed on the date this action was filed, is silent on that question. It can be argued that because section 126-37 does not specifically require compliance with section 150B-36(b), compliance is not required. It can be argued, however, that because judicial review of the "local appointing author-ity['s]" final decision is to be conducted consistent with the principles of the Act, that decision must be entered consistent with the Act, including section 150B-36. *See Gray*, 119 N.C. App. at 72, 457 S.E.2d at 899 (1992 local health department decision rejecting recommendations of Commission included specific reasons explaining why it refused to adopt recommendations). This ambiguity must be resolved by determining the intent of the legislature. In determining that intent, it is proper to review any amendments to the statute that may reveal or address the ambiguity. *Al Smith Buick Co. v. Mazda Motor of America*, 122 N.C. App. 429, 435, 470 S.E.2d 552, 555 (1996), *disc. review denied*, 343 N.C. 749, 473 S.E.2d 609-10 (1996).

In 1994, our legislature amended section 126-37 to provide in pertinent part that if the "local appointing authority" rejects or modifies the recommended decision of the Commission, it "must state the specific reasons why it did not adopt the [recommended] decision . . . [and must serve a copy of the final decision] on each party personally or by certified mail and on each party's attorney of record." N.C.G.S. § 126-37(b1) (1995). We believe that this amendment reflects the intent of the legislature in enacting the original version of section 126-37 and was an effort by the legislature to clarify its original language. We thus construe the pre amended version consistent with the 1994 amendment and hold that DSS was required, in rejecting the recommended decision of the Commission, to state the specific rea-

sons why it did not adopt the recommended decision and serve a copy of its final decision on the petitioner. Because the legislature did not specifically require that the "local appointing authority" comply with section 150B-36(b), there is no obligation to enter findings of fact and conclusions of law, as required by section 150B-36(b).

We reject, however, the suggestion of the petitioner that DSS's failure to comply with section 126-37, as we now construe it, requires that the recommended decision of the Commission become the final decision of this case. See N.C.G.S. § 150B-44 (1995). Because of the ambiguity of section 126-37 existing at the time DSS rejected the recommendations of the Commission, it should not be penalized for its failure to comply with the statute as we now construe it. We accordingly vacate the judgment and order of the trial court and remand this case to the trial court for remand to DSS for the entry of a final decision. Should the final decision be a rejection of the recommendations of the Commission, that decision should include "specific reasons why it [does] not adopt" the recommendations. Furthermore, a copy of the final decision of DSS must be served on each party. Should the final decision of DSS be adverse to the petitioner, she has the right to seek judicial review of that decision in the superior courts. Because of our resolution of this issue, it is not necessary that this Court address the other assignments of error raised by the petitioner.

Vacated and remanded.

Judges JOHN and TIMMONS-GOODSON concur.