MICHAEL HOWELL, Petitioner v. RONALD W. MORTON, Area Director, Forsyth-Stokes Mental Health, Respondent

No. COA97-1559

(Filed 15 December 1998)

1. **Appeal and Error— brief—characters per line—rules violation**

   The printing costs of an appeal were taxed personally to petitioner's and respondent's attorneys where both briefs contained in excess of ninety-eight characters per line and violated Appellate Rule 26 (and otherwise would have exceeded the thirty-five page limitation of Rule 28). Rule 26 requires at least 11 point type, a standard met in computer and word processing technology by utilizing no smaller than a size twelve Courier or Courier New font.

2. **Administrative Law— recommended decision—not adopted or rejected—remedy**

   The trial court did not have subject matter jurisdiction over petitioner's appeal where petitioner obtained a recommendation from the State Personnel Commission to the Local Appointing Authority that he be reinstated with payment for lost wages; he filed this action on 19 March seeking judicial review because he was dissatisfied with the action taken by respondent; the Local

Appointing Authority issued its final decision declining to adopt the recommended decision on 9 April; and the court granted respondent's motion to dismiss. The superior court did not have subject matter jurisdiction because petitioner sought judicial review before the Local Hiring Authority had issued its final decision. If petitioner was dissatisfied with the inaction of the Local Appointing Authority, his remedy was to proceed under N.C.G.S. § 150B-44, which provides for a court order compelling agency action.

Appeal by petitioner from order entered 4 September 1997 by Judge Henry V. Barnette, Jr., in Wake County Superior Court. Heard in the Court of Appeals 15 September 1998.

*Robert Winfrey for petitioner.*

*Womble Carlyle Sandridge & Rice, by James R. Morgan, Jr., for respondent.*

SMITH, Judge.

Petitioner appeals the trial court's grant of respondent's motion to dismiss for failure to state a claim under N.C. Gen. Stat. 1A-1, Rule 12(b)(6) (1990). Petitioner further avers the court erred by denying his motion to amend his petition for judicial review. We vacate the decision below on the grounds that the superior court did not have subject matter jurisdiction over petitioner's appeal.

Relevant facts and procedural history include the following: In March 1994, petitioner Michael Howell (Howell) was discharged by respondent Robert W. Morton (Morton) from his employment with Forsyth-Stokes Mental Health Center for "just cause" as set forth in N.C. Gen. Stat. § 126-35 (1993). Howell appealed his discharge on 29 April 1994 and the matter was heard by Administrative Law Judge (ALJ) Sammie Chess, Jr. The ALJ issued a recommended decision in favor of Howell on 24 March 1995 concluding, *inter alia*, that petitioner should "be reinstated to his former position . . . be paid for his lost wages . . . and [should receive] payment of his reasonable attorney's fees."

Subsequently, pursuant to N.C. Gen. Stat. § 126-37(a) (1993), the case was heard by the State Personnel Commission (Commission), which issued a recommendation adopting the decision of the ALJ on 18 January 1996. The case was then transferred to Local Appointing Authority (LAA) Morton for a final decision.

On 19 March 1996, petitioner sought judicial review of the Commission's recommended decision in superior court pursuant to N.C. Gen. Stat. § 126-37(b) (1993). Specifically, Howell requested an order "affirming the recommended decision by the [Commission]," because he was "dis-satisfied with the action taken by [respondent] pursuant to the [Commission's] Recommended Decision."

On 9 April 1996, LAA Morton issued his final decision wherein he declined to adopt the recommended decision of either the ALJ or the Commission. Instead Morton "affirm[ed] his decision of March 30, 1994 in dismissing [Howell]."

On 23 April 1996, Howell filed an amended petition for judicial review pursuant to G.S. § 126-37(b) and Chapter 150B, the Administrative Procedure Act (APA). Respondent filed a motion to dismiss petitioner's amended petition pursuant to N.C. R. Civ. P. 12(b)(6) on 15 May 1996. Petitioner moved to file a second amended petition 23 May 1996, and the court denied petitioner's motion 8 November 1996.

On 4 September 1997, the court granted respondent's motion to dismiss, and petitioner filed a timely notice of appeal 1 October 1997.

I.

[1] Preliminarily, we note that petitioner's and respondent's briefs violate Rule 26(g) of the North Carolina Rules of Appellate Procedure. Rule 26 requires "at least 11 point" type; the term "point" referring to the height of a letter, extending from the highest part of any letter, such as "b" to the lowest part, such as "y." *See* N.C. App. P. R. 26(g); *Lewis v. Craven Regional Medical Center*, 122 N.C. App. 143, 147, 468 S.E.2d 269, 273 (1996). Accordingly, a brief submitted in eleven point type will contain not more than sixty-five (65) characters and spaces per line, and no more than twenty-seven (27) lines of double spaced text per page. *See Lewis*, 122 N.C. at 147, 468 S.E.2d at 273.

Although Rule 26 does not speak in terms of characters per inch (cpi), a standard not equivalent to point size, "[t]en characters per inch is . . . the standard we will apply to the briefs filed with this Court." *Id.* This standard is met when a brief is presented in the same type-setting as used by this Court in its slip opinions—Courier 10cpi—which insures no more than sixty-five (65) characters per line and twenty-seven (27) lines per page. Courier 10cpi may be achieved in computer and word processing technology by utilizing no smaller than size twelve (12) Courier or Courier New font.

## HOWELL v. MORTON

[131 N.C. App. 626 (1998)]

In the case *sub judice*, both the briefs of petitioner and respondent contain in excess of ninety-eight characters per line and thus violate Rule 26. Absent this violation, both briefs would exceed the thirty-five (35) page limitation set forth in Rule 28.

In light of the steady increase in appeals filed with this Court each year, we are particularly concerned with the concomitant increase in appellate rule violations. Accordingly, we remind our colleagues in the Bar of the importance of adhering to our appellate rules. As stated by Greene, J., writing for this Court in *Lewis*, these rules "prevent unfair advantage to any litigant" and insure a level playing field for all parties on appeal. *Id.*

In the instant case, the violations of the rules by each party subject the appeal to dismissal. *See Wiseman v. Wiseman*, 68 N.C. App. 252, 255, 314 S.E.2d 566, 568 (1984). Nevertheless, we elect pursuant to N.C.R. App. P. 2 to consider the merits of this appeal. However, we also deem it appropriate in our discretion to impose a sanction for these violations of our mandatory appellate rules, and tax one-half of the printing costs personally against petitioner's attorney, and one-half of the printing costs personally against respondent's attorney. N.C.R. App. P. 25(b) (1998).

## II.

[2] Although neither party argues the issue in their briefs, we must first consider whether the superior court had subject matter jurisdiction over Howell's petition for judicial review. *See Union Grove Milling and Manufacturing Co. v. Faw*, 109 N.C. App. 248, 251, 426 S.E.2d 476, 478 (1993) (Court may raise the question of subject matter jurisdiction on its own motion, even if it was not argued by the parties in their briefs). We hold the superior court did not have subject matter jurisdiction because petitioner's petition was prematurely filed.

Local appointing authority employees (such as petitioner) are subject to the provisions of the State Personnel Act, codified at N.C. Gen. Stat. §§ 126-1 through 126-88. N.C. Gen. Stat. § 126-5(a)(2) (1995) (listing employees of area mental health, mental retardation, and substance abuse authorities as employees subject to Chapter 126). Article 8 of Chapter 126 concerns "Employee Appeals of Grievances and Disciplinary Action," and in conjunction with the provisions for administrative hearings of "contested cases" under Article 3 of the Administrative Procedure Act (APA), (N.C. Gen. Stat. §§ 150B-22

through 150B-37), entitles certain state employees "aggrieved" by agency or departmental decisions affecting their employment to administrative and judicial review of those decisions. *See* N.C. Gen. Stat. § 150B-43 (1995); *see also Batten v. N.C. Dept. of Correction*, 326 N.C. 338, 342, 389 S.E.2d 35, 38 (1990).

Unlike the jurisdiction of the Office of Administrative Hearings (OAH) over employee appeals, which derives from Chapter 126, *see Batten*, 326 N.C. at 342, 389 S.E.2d at 38, the North Carolina Supreme Court has made clear that the "[j]urisdiction of the superior courts over final decisions of the [agency] derives not from Chapter 126, but from Chapter[] 7A and [from the Administrative Procedure Act (APA), Chapter] 150B." *Harding v. N.C. Dept. of Correction*, 334 N.C. 414, 418, 432 S.E.2d 298, 301 (1993); *cf. Hill v. Morton*, 115 N.C. App. 390, 392, 444 S.E.2d 683, 685 (1994) (Chapter 126 does not create a cause of action but instead refers to judicial review provided by G.S. § 150B-43).

Chapter 7A states in relevant part:

the superior court division is the proper division, without regard to the amount in controversy, for review by original action or proceeding, *or by appeal, of the decisions of administrative agencies, according to the practice and procedure provided for the particular action, proceeding, or appeal.*

N.C. Gen. Stat. § 7A-250(a) (1995) (emphasis added).

The APA provides:

Any person who is *aggrieved by the final decision in a contested case, and who has exhausted all administrative remedies* made available to him by statute or agency rule, is entitled to judicial review of the decision under this Article . . . .

G.S. § 150B-43 (emphasis added).

In the instant case, Howell petitioned for judicial review of the Commission's advisory decision under G.S. § 126-37 before this section was amended effective 1 January 1995. The prior version of Section 126-37 provided in relevant part:

a) The State Personnel Director or any other person or persons designated by the Commission shall investigate the disciplinary action or alleged discrimination which is appealed to the

HOWELL v. MORTON

[131 N.C. App. 626 (1998)]

Commission. Appeals involving a disciplinary action, alleged discrimination, and any other contested case arising under this Chapter shall be conducted in the Office of Administrative Hearings as provided in Article 3 of Chapter 150B . . . . The State Personnel Commission shall make a final decision in these cases as provided in G.S. 150B-36 [which involve appeals alleging discrimination]. . . . *However, in all other local employee appeals, the decisions of the State Personnel Commission shall be advisory to the local appointing authority.*

b) An action brought in superior court by an employee who is dissatisfied with an advisory decision of the State Personnel Commission or with the action taken by the local appointing authority pursuant to the [Commission's] decision shall be heard upon the record and not as a trial de novo. . . . If superior court affirms the decision of the Commission, the decision of superior court shall be binding on the local appointing authority.

N.C. Gen. Stat. § 126-37(a), (b) (1993) (emphasis added).

Howell's petition did not allege discrimination, and thus, as prescribed in G.S. § 126-37, the Commission's decision was not a final agency decision but was "advisory to the local appointing authority [LAA]." G.S. § 126-37(a). The LAA's final decision in Howell's contested case was issued on 9 April 1996, twenty-one days *after* Howell petitioned the court to "affirm[] the *recommended* decision by the [Commission]." (Emphasis added).

The jurisdiction of the superior court, however, is predicated upon compliance with the requirements of Chapter 150B, *see Harding*, 334 N.C. at 418, 432 S.E.2d at 301, which only permits judicial review for a "person . . . aggrieved by the *final decision* in a contested case." G.S. § 150B-43 (emphasis added). "To obtain judicial review of a final decision under [the APA], the person seeking review must file a petition . . . within 30 days *after* the person is served with a written copy of the decision." N.C. Gen. Stat. § 150B-45 (1995) (emphasis added). Furthermore, a party seeking judicial review must exhaust all available administrative remedies to avoid the " 'interruption and cessation of proceedings before a commission by untimely and premature intervention by the courts [which] would completely destroy the efficiency, effectiveness, and purpose of the administrative agencies.' " *Jackson v. Dept. of Administration*, 127 N.C. App. 434, 436, 490 S.E.2d 248, 249 (1997) (quoting *Elmore v. Lanier, Comr. of Insurance*, 270 N.C. 674, 678, 155 S.E.2d 114, 116 (1967)), *appeal*

*dismissed and disc. review denied,* 292 N.C. 264, 233 S.E.2d 391 (1977)); *see also* G.S. § 150B-43. Since LAA Morton had not issued a final decision as of the date Howell filed his petition for judicial review, Howell did not adhere to the procedures set out in Chapter 150B to obtain judicial review and the superior court was therefore without jurisdiction to entertain his appeal.

Petitioner argues, however, that G.S. § 126-37(b) provides procedures for one seeking judicial review in two circumstances: 1) when an employee is "dissatisfied with an advisory decision of the [Commission]," or 2) when an employee is dissatisfied with the "action taken by the local appointing authority pursuant to the decision [of the Commission]." *See* G.S. § 126-37(b).

As to the former circumstance, petitioner cannot now assert that he was "dissatisfied with an advisory decision of the [Commission]" because he petitioned "the Court for a decision *affirming* the recommended decision of the [Commission]," stating that he "[wa]s satisfied with the [Commission's] decision." By the clear language of his petition, Howell was not *"dissatisfied"* with the recommended decision of the Commission. G.S. § 126-37(b) (emphasis added). Howell's petition, therefore, does not meet the first circumstance outlined in G.S. § 126-37(b), and judicial review cannot be based upon this ground.

Accordingly, we need not address the statutory conflict between the language of G.S. § 126-37(b) (judicial review of *"advisory"* decisions of the Commission) and the language of G.S. 150B-43 (judicial review for only *final* agency actions). However, we note that the amendment to G.S. § 126-37(b), which took effect 1 January 1995, is in accord with Chapter 150B's requirement of final agency action as a predicate to proper judicial review.

Petitioner further argues, however, that he falls within the second circumstance described in Section 126-37(b) because he was "dis-satisfied with the action taken by [respondent] pursuant to the [Commission's] Recommended Decision." *See* G.S. § 126-37(b). Specifically, petitioner maintains that judicial review of the Commission's recommended decision was proper because after being notified of the Commission's recommended decision on 18 January 1996, the LAA "refused to either implement the recommended decision . . . or otherwise to resolve this matter." Petitioner thereby reads "action taken by the [LAA]" in G.S. § 126-37(b) to include the *inaction or delay* of the LAA. We disagree with petitioner's interpretation.

The term "action" in G.S. § 126-37(b) is not defined in Chapter 126, but can be interpreted either to include the inaction of the LAA, or as only encompassing the LAA's final action, *i.e.* the final decision of the LAA. This ambiguity must be resolved by determining the intent of the legislature; in determining that intent, it is proper to review any amendments to the statute which may reveal or address the ambiguity. *See Al Smith Buick Co. v. Mazda Motor of America*, 122 N.C. App. 429, 435, 470 S.E.2d 552, 555, *disc. review denied*, 343 N.C. 749, 473 S.E.2d 609-10 (1996); *see also Cunningham v. Catawba County*, 128 N.C. App. 70, 73, 493 S.E.2d 82, 85 (1997) (interpreting whether the LAA is required to follow section 150B-36 by considering amendment to G.S. § 126-37(b)).

In 1994, the General Assembly amended G.S. § 126-37(b), which now provides in pertinent part:

> b1) . . . the decision of the [Commission] shall be advisory to the [LAA]. . . . The [LAA] shall, within 90 days of receipt of the advisory decision of the [Commission], issue a written, final decision either accepting, rejecting, or modifying the decision of the [Commission].
>
> b2) The final decision is subject to judicial review pursuant to Article 4 of Chapter 150B of the General Statutes. . . .

N.C. Gen. Stat. § 126-37(b1), (b2) (1995).

We have previously stated "that this amendment reflects the intent of the legislature in enacting the original version of section 126-37 and was an effort by the legislature to clarify its original language." *See Cunningham*, 128 N.C. App. at 73, 493 S.E.2d at 85. Since the amended version of section 126-37 requires a "final" decision before judicial review is proper, we believe the term "action" in the pre-amended section is properly read as including only the final decision made by the LAA.

This interpretation is consistent with the requirement of Article 4 of the APA governing judicial review of agency actions. Statutes which are in *pari materia, i.e.*, which relate to or are applicable to the same matter or subject, must be construed together in order to ascertain legislative intent, *see Friends of Hatteras Island v. Coastal Resources Comm.*, 117 N.C. App. 556, 566, 452 S.E.2d 337, 344 (1995), and should be reconciled with each other when possible. *See Empire Power Co. v. N.C. Dept. of E.H.N.R.*, 337 N.C. 569, 591, 447 S.E.2d 768, 781 (1994).

Notably, G.S. § 126-37 "does not create a cause of action but instead refers to judicial review provided by [G.S. § 150B-43]." *See Hill*, 115 N.C. App. at 392, 444 S.E.2d at 684-85. G.S. § 150B-43 provides that proper judicial review follows only from a *"final [agency] decision." See* G.S. § 150B-43 (emphasis added). A person seeking judicial review may only do so "30 days *after* the person is served with a written copy of the [final] decision." G.S. § 150B-45 (emphasis added). Since the jurisdiction of the superior court over agency decisions "derives not from Chapter 126, but from Chapter[] 150B," *see Harding*, 334 N.C. at 418, 432 S.E.2d at 301, we construe G.S. § 126-37(b) in light of G.S. §§ 150B-43 and 150B-45. Accordingly, we hold that "action" refers to the issuance of a final agency decision. If Howell was "dissatisfied" with the inaction of the LAA, his remedy was to proceed under N.C. Gen. Stat. § 150B-44 (1995), (providing for a court order compelling agency action when there has been an "[u]nreasonable delay on the part of any agency"), instead of seeking judicial review of an advisory decision not appealable under Chapter 150B. Therefore, since Howell filed his petition before the LAA's final decision was issued, he does not fall within the latter circumstance of G.S. § 126-37(b) and his petition was prematurely filed.

In conclusion, the jurisdiction of the superior court over appeals from agency action derives from Chapter 150B, *see Harding*, 334 N.C. at 418, 432 S.E.2d at 301, and thus judicial review is only proper "30 days *after*" a person is served with a final agency decision. G.S. § 150B-45 (emphasis added). Because Howell sought judicial review before LAA Morton had issued his final decision, the superior court did not have subject matter jurisdiction over his appeal. As such, any action taken by the superior court is vacated and the matter is remanded for dismissal for the reasons set forth herein.

Vacated and remanded with instructions.

Judges GREENE and TIMMONS-GOODSON concur.