FREDDIE LEE DIXON, SR., and MABEL DIXON, Plaintiffs,
v.
THOMAS L. HILL, Administrator of the ESTATE OF JOHN BARBER and PALMETTO BORN AGAIN CHURCH OF CHRIST (APOSTOLIC), INC., a/k/a PALMETTO DELIVERANCE CHURCH, Defendants.
No. COA08-124
Court of Appeals of North Carolina
Filed January 6, 2009
This case not for publication
R. Clarke Speaks for Freddie L. Dixon, Sr., plaintiff appellee.
Scott T. Slusser for Mabel Dixon plaintiff appellee.
William L. Davis, III, for defendant appellant.
McCULLOUGH, Judge.
This case returns to us following proceedings which occurred after the remand ordered in Dixon v. Hill, 174 N.C. App. 252, 620 S.E.2d 715 (2005), disc. review denied, 360 N.C. 289, 627 S.E.2d 619, cert. denied, 548 U.S. 906, 165 L. Ed. 2d 954 (2006) ("Dixon I"). This case arises from allegations that John Barber, a bishop of defendant Palmetto Born Again Church of Christ (Apostolic) Church of Christ, Inc., a/k/a Palmetto Deliverance ("defendant Church"), converted proceeds recovered by Freddie Lee Dixon, Sr. and Mabel Dixon ("plaintiffs") from the wrongful death of their nine-year-old son. Plaintiffs alleged that Barber promised to use the settlement proceeds to purchase a house as well as shares of stock on plaintiffs' behalf, but that Barber never did and refused to return those funds to plaintiff. A more detailed discussion of the proceedings and facts occurring before remand is set forth in Dixon I.
In Dixon I, we concluded that the undisputed facts of record established that Barber was acting as an agent of defendant Church, and affirmed the grant of summary judgment against defendant Church on all claims; however, we reversed the trial court's grant of summary judgment against defendant Thomas L. Hill ("Hill"), personal representative of the estate of John Barber ("Barber's Estate"), and remanded the matter on the grounds that Hill did not receive sufficient notice pursuant to Rule 56(c) of the North Carolina Rules of Civil Procedure since summary judgment was granted on the same day that Hill was substituted as a party for Barber. N.C. Gen. Stat. § 1A-1, Rule 56(a), (c) (2007).
After our decision in Dixon I, on 24 July 2006, plaintiffs filed and served a new motion for summary judgment against Hill. On 10 August 2006, Hill filed and served a response to plaintiff's motion for summary judgment. After a hearing on the matter, on 26 June 2007, the trial court granted summary judgment against Hill, concluding that Hill, as administrator of Barber's Estate, is liable to plaintiffs for: (1) unfair and deceptive trade practices;(2) fraud; (3) breach of contract; (4) conversion; (5) negligent misrepresentation; (6) unjust enrichment; and (7) punitive damages. Hill appeals.[1]
The North Carolina Rules of Civil Procedure provide that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c). In deciding the motion, "'all inferences of fact . . . must be drawn against the movant and in favor of the party opposing the motion.'" Caldwell v. Deese, 288 N.C. 375, 378, 218 S.E.2d 379, 381 (1975) (citation omitted).
"The party moving for summary judgment has the burden of establishing the lack of any triable issue."Collingwood v. Real Estate Equities, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989). Once the moving party meets its burden, then the non-moving party must "produce a forecast of evidence demonstrating that the plaintiff will be able to make out at least a prima facie case at trial." Id. In opposing a motion for summary judgment, the non-moving party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." N.C. Gen. Stat. § 1A-1, Rule 56(e).

I.
First on appeal, Hill contends that the trial court erred by relying on defendants' response to plaintiffs' second request for admissions as the sole basis for granting summary judgment against Hill. The record reveals that this argument is unfounded. Not only does the 27 June 2007 order make no reference to the second request for admissions, but there is also no indication in the transcript that the trial court failed to consider all of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, in concluding that there was no genuine issue of material fact.[2]

II.
Next, Hill contends that the supporting affidavits for plaintiff's July 2006 motion for summary judgment are insufficient because they are the same affidavits that were used in support of the 2003 motion for summary judgment. We find this argument to be without merit.
"'The procedure for a summary judgment motion is designed to allow a "preview" or "forecast" of the proof of the parties in order to determine whether a jury trial is necessary.'" Loy v. Lorm Corp., 52 N.C. App. 428, 437, 278 S.E.2d 897, 903-04 (1981) (citation omitted).
As we explained in Dixon I, when Barber died, this action did not abate; rather, it survived and could be continued against the personal representative or collector of Barber's Estate, Hill. Dixon v. Hill, 174 N.C. App. 252, 259, 620 S.E.2d 715, 720 (2005). Thus, all of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits that were used in support of the 2003 motion for summary judgment were a preview of plaintiffs' evidence against Barber. Since the action against Hill is simply a continuation of the action against Barber, it follows then that all of the same pleadings, depositions, answers to interrogatories, admissions and affidavits on file, provide a preview of the evidence against Hill and were properly considered by the trial court in ruling on the 2006 motion for summary judgment. N.C. Gen. Stat. § 1A-1, Rule 56(c).

III.
Hill next contends that the trial court erred in granting summary judgment because of the existence of genuine issues of material fact. Because we find that Hill has failed to forecast specific facts indicating a genuine issue of material fact, we disagree.
Under the Law of the Case Doctrine, when an appellate court passes on questions and remands the case for further proceedings to the trial court, the questions therein actually presented and necessarily involved in determining the case, and the decision on those questions become the law of the case. Creech v. Melnik, 147 N.C. App. 471, 473, 556 S.E.2d 587, 589 (2001), disc. review denied, 355 N.C. 490, 561 S.E.2d 498, disc. review denied, 355 N.C. 747, 565 S.E.2d 194 (2002). In Dixon I, defendants contended that although they did not submit any evidence in opposition to Mabel Dixon's affidavit, defendant Church's and Barber's denials of the allegations in plaintiffs' complaint and response to plaintiffs' first request for admissions created genuine issues of material fact. In affirming the trial court's grant of summary judgment in favor of defendant Church, we rejected this argument and held that defendants' mere denials of plaintiffs' allegations failed to demonstrate a genuine issue of material fact.
Because we necessarily determined in Dixon I that (1) defendants' mere denials on record as of the trial court's 15 September 2003 Order failed to demonstrate a genuine issue of material fact, and (2) plaintiffs' undisputed evidence of record was sufficient to establish that defendant Church was liable to plaintiffs on all claims for Barber's actions, this is the law of the case. Hill is barred from relitigating these issues on appeal. Thus, in determining whether the trial court's 2007 grant of summary judgment against Hill was proper, we need only consider whether the pleadings, depositions, answers to interrogatories, admissions, and affidavits filed after 15 September 2003 forecast evidence demonstrating a genuine issue of material fact with respect to plaintiffs' claims against Hill. We conclude that they do not.
Our review of the record shows that in response to plaintiffs' 2006 Motion for Summary Judgment, Hill filed three new affidavits, in which he denies plaintiffs' allegations, but fails to provide an alternative set of specific facts. In addition to the fact that these affidavits contain no basis to support an inference that they are based on Hill's personal knowledge, which is required by Rule 56(e), as we explained in Dixon I, a party cannot survive a motion for summary judgment by merely denying or refusing to admit certain facts. Dixon, 174 N.C. App. at 262-63, 620 S.E.2d at 721-22. Because Hill has failed to present a forecast of evidence demonstrating a genuine issue of material fact, the undisputed evidence of record is sufficient to establish that plaintiffs are entitled to judgment against Hill, as a matter of law. See Dixon I.

IV.
In Hill's final assignment of error, Hill contends that the undisputed evidence of record does not entitle plaintiff to judgment as a matter of law. As previously discussed, it is the law of the case that this undisputed evidence entitles plaintiffs to judgment as a matter of law. Because Hill has failed to dispute plaintiffs' evidence, we affirm the trial court's order granting summary judgment to plaintiffs with respect to their claims against Hill.
For the forgoing reasons, we affirm. Affirmed.
Judges McGEE and STROUD concur.
Report per Rule 30(e).
Concurred prior to 31 December 2008.
NOTES
[1] Plaintiffs have moved to dismiss Hill's appeal pursuant to N.C. R. App. P. 25(a)(2008), on the grounds that Hill failed to arrange, file a notice of arrangement, and serve the proposed record on appeal within the time allowed by N.C. R. App. P. 7(a)(1) and 11(a)(2008). In our discretion, this motion is summarily denied. See Howell v. Morton, 131 N.C. App. 626, 629, 508 S.E.2d 804, 805-06 (1998).
[2] Defendants have only included excerpts of the transcript from the 16 August 2006 hearing in the record. In determining whether the trial court committed prejudicial error, we are restricted to what appears in the transcript. The presumption is always in favor of the correctness of the judgment below, and the burden is on the appellant to show error. Finlayson v. American Acc. Co., 109 N.C. 196, 201, 13 S.E. 739, 740 (1891).